## ROBINSON *vs.* SINCLAIR.

Where, on the day appointed for a trial before referees, the defendant procured an order for security for costs or that the plaintiff shew cause, &c. with a stay of proceedings which appeared from the circumstances to be intended for delay, the defendant was ordered to pay the costs of the trial thus frustrated, and of the motion for security.

The court is not bound under all circumstances to order a non-resident plaintiff to find security for costs.

The order will be refused where there has been great delay in applying, (*e. g.* where the motion was made seven months after the suit was commenced,) and the cause had been noticed for trial before referees and adjourned.

It will not be granted when applied for in bad faith, or for the purpose of delay.

Motion that the plaintiff file security for costs.

The suit was commenced in December, 1844, the plaintiff then being a non-resident. On the 25th of July, 1845, an order

Robinson *v.* Sinclair.

was made that the plaintiff file security for costs in twenty days or shew cause at this term why he should not file such security; and that in the mean time the plaintiff's proceedings should be stayed. The plaintiff shews for cause that the action was brought on a promissory note for $200, bearing date August 3, 1843, that the defendant's default for not pleading was duly entered, a judgment perfected and execution issued; that at the last April term the defendant was allowed to plead, on payment of costs, the judgment and execution to stand as security. The defendant omitted to comply with the rule by paying the costs, &c. within the time limited, and on the 28th of May the sheriff was directed to proceed on the execution; that on the same day the defendant's attorney applied to the plaintiff's attorney to be allowed then to pay costs, &c. and plead, and it was agreed he might do so, but the cause was to be referred and it was referred accordingly, the defendant's attorney then stating to the attorney of the plaintiff, that the only defence the defendant had was a set-off to the amount of about ninety or one hundred dollars. On the 27th of June the defendant's attorney served the plaintiff's attorney with a bill of the particulars of the defendant's set-off, amounting to $93,04 only. A hearing before the referee was duly held on the 24th July, both parties appearing, and the defendant requested an adjournment for want of witnesses, but did not shew that any effort to obtain them had been made, or that he expected to obtain them at any time. The referee denied the motion: the defendant pressing his application, the cause was adjourned to the 26th of July, on an express agreement that it should then be finished unless the defendant could shew good cause for a further adjournment. On the morning of the 26th of July the order to stay proceedings, before mentioned, was served. The venue is in the county of Albany, and the reference was held there. The defendant resides in New-York, and the order to stay proceedings was made in Kings county.

The plaintiff has returned to this state where he now resides.

*J. Koon,* for the plaintiff.

*F. Sayre,* for the defendant.

*By the Court,* BEARDSLEY, J.   Looking to the time when the order to stay proceedings was made and served, and the other circumstances of the case, it is plain enough that the step was resorted to as a mode of gaining time, and not from an apprehension of loss, if security for costs was not given.   Delay, and not the prevention of injury, was the obvious motive.   The defendant must pay the costs of the hearing appointed for the 26th of July, and of this motion.

I also think the order to shew cause should be discharged. The defendant might have obtained his order in December, and he should have moved off at that time.   It is not pretended he was then ignorant of the fact of the plaintiff's non-residence, and no excuse for the delay until July is given.   The law exacts diligence of a defendant who would assert a right of this nature.   He cannot, without good cause shewn, be allowed to lie by for months until the morning of a circuit, or of a hearing before referees, and then tie up the plaintiff by an order.   Such a proceeding is in bad faith, and is not to be upheld.   (*Grah. Pr.* 507 ; *Duncan* v. *Stint,* 5 *Barn. & Ald.* 702 ; *Kasten* v. *Plaw,* 1 *Moore & Payne,* 30.)   The statute, (2 *R. S.* 620,) is not imperative upon the court to grant an order for security for costs, under all circumstances, and where the application is resorted to for another and improper purpose it should never be granted.

The order to shew cause must be vacated, with costs to be paid by the defendant as has been stated.

Ordered accordingly.