By the Court.
This motion presents the question whether a person residing in the city of Brooklyn, is bound to give security for costs, on prosecuting a certiorari in this court, to reverse a judgment against him in one of the inferior courts. Formerly there was no question about it, but it is supposed that the change made in the law as to issuing executions from this court to the other counties of the state, has worked a change in the application of the revised statutes to plaintiffs prosecuting in She court, though residing out of the city of New York. We do not see that these provisions in the act of May 14,1840, affect the case. The act has made no change in the jurisdiction of the court, properly so called. The jurisdiction is precisely as it was before. Certain remedies have been added, for the enforcement of its judgments. But no remedy against the person of judgment debtors has been added. We think the practice must remain as it has always been considered, and non-residents of the city must give the security if required.
Motion granted.
In the other cause, Gardner v. Kelly, March 10, 1849, the question was presented to the court again, in an action commenced by a non-resident, and it was contended that by the code of proceedure, the statute requiring security for costs, was repealed or abolished.
By the Court.
The code of procedure, (section 258,) repeals all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions. The provision *634 for security for costs, is a title of a chapter of the revised statutes entitled, “ Of costs and fees of officers —which chapter establishes the rate of costs in civil actions. Is this provision entirely swept away by the code, or is the latter confined to such parts of the previous statutes as regulate costs, as between the parties, and in respect of attorney and counsel fees 1 The repealing clause does not apply to this title by name ; and we think the title is not affected by the code. A provision for security for costs, does not affect costs themselves, or regulate them. It is a distinct and independent subject. Although there has been a default and judgment, and the latter stands as security, while the defendant is let in to defend; we think he is entitled to require security for costs. It is not an application to the favor of the court, but a statute right. It might have been imposed at the time, as terms of opening the default, that he should not require security, but it is too late now.
Rule accordingly.(a)

 In a subsequent case, Phœnix v. Townshend, the plaintiff, who resided in the county of Cayuga, at the commencement of the suit, subsequently assigned the demand in suit to a resident of the city of New York, and this fact was set up in opposition to a motion for security for costs. Campbell, J., nevertheless decided that the plaintiff must give security for costs.