### HICKS *a.* PAYSON.

*New York Superior Court; Special Term, September*, 1858.

JURISDICTION OF NEW YORK SUPERIOR COURT.—SECURITY FOR COSTS.

A person residing in a county of this State, other than the city and county of New York, and bringing an action in the New York Superior Court, may be required to file security for costs, as being not a resident within the jurisdiction of that court.

Motion for an order requiring the plaintiff to file security for costs.

The defendant moved for an order that the plaintiff file security for costs, on the ground that he resided at Haverstraw, Rockland county, in the State of New York. The motion was opposed on the ground that Haverstraw was within the jurisdiction of this court.

*Abbott Brothers*, for the motion.

*Wm. A. Hardenbrook*, opposed.

Bosworth, J.—A party to an action brought, or pending in any court, may be said to reside within the jurisdiction of such court, when both his person and his property can be subjected to the process of the court, issued to the sheriff of the county in which he resides. If the defendant recovers judgment in this action, execution against the property or the body of the plaintiff can be issued to and executed in Rockland county, as effectually and efficiently as if the action were in the Supreme Court, and the execution were upon a judgment in that court. The jurisdiction of the court as to that matter, is as comprehensive as that of the other, and it is difficult to assign a reason why the plaintiff should file security for costs, if suing in one court, and not when suing in the other.

Title 2, of chapter 10, of part 3 of the Revised Statutes, is but a modification of the rule of the Supreme Court, adopted the 14th of January, 1798, and looks primarily, so far as the question of residence is concerned, to plaintiffs residing out of the State. (See 2 *Rev. Stats.*, 799, §

When the Revised Statutes took effect, neither mesne nor final process, issued out of this court, could be executed out of the city and county of New York. When such was the law, a plaintiff residing out of it, resided out of the jurisdiction of the court. But the jurisdiction of the court, by subsequent statutes and the Code, has been enlarged. An execution from this court can be executed in any county of the State. Were the question an open one, I should think that this fact placed Rockland county within the " jurisdiction" of this court, within the meaning of that word as used in the title of the statute entitled " Of Security for the Payment of Costs." But although of this opinion, I deem it my duty to conform to the decision in 2 *Sandf. S. C. R.*, 632, and to grant the motion.