## Case No. 8,633.

### LYMAN VENTILATING & REFRIGERATOR CO. v. SOUTHARD.

[12 Blatchf. 405; 1 Ban. & A. 627.] [1]

Circuit Court, N. D. New York. Jan. 19, 1875.

#### COSTS—SECURITY.

A corporation created by the state of New York, and having its principal office in the Southern district of New York, brought a suit in equity in the circuit court for the Northern district of New York. On a motion by the defendant that the corporation give security for the costs of the suit: *Held*, that it must give such security.

[Cited in Hugunin v. Thatcher, 18 Fed. 105; Miller's Adm'r v. Norfolk & W. R. Co., 47 Fed. 266.]

[This was a bill in equity by the Lyman Ventilating and Refrigerator Company against John Southard. The defendant moves for an order directing complainant to give security for costs.]

William H. Bright, for plaintiff.

Edward W. Paige, for defendant.

WALLACE, District Judge. This is a motion by the defendant to compel the complainant to file security for costs. The complainant is a corporation created by the laws of the state of New York, and its principal office is located in the city of New York, as appears by the bill.

The provisions of title 2, c. 10, pt. 3, of the Revised Statutes of the state of New York, relative to security for costs, are adopted by the rules of this court. If, therefore, the corporation complainant resides in the city of New York, it is a non-resident of this district, and not within the jurisdiction of this court. A private corporation must be held to reside where its principal office is located. Its residence depends, not on the habitation of its stockholders, but on the official exhibition of its legal and local existence. Ang. & A. Corp. § 107.

It is urged, however, against the motion, that, by force of section 985 of the Revised Statutes of the United States,—Act May 20, 1826 (4 Stat. 184),—by which writs of execution upon judgments or decrees obtained in a circuit court of the United States, in any state which is divided into two or more districts, may run and be executed in any part of such state, any decree which may be obtained against the complainant can be enforced in this district, and it cannot be said, therefore, that it resides beyond the jurisdiction of the court, within the meaning of the rule. The same argument was held untenable at a very early day by the high court of chancery in England, where a rule similar to the one under consideration prevailed, requiring security for costs on the part of complainants residing out of its jurisdiction; and it was held that a plaintiff resident in Ire-

[1] [Reported by Hon. Samuel Blatchford, District Judge, reprinted in 1 Ban. & A. 627, and here republished by permission.]

land must give security, notwithstanding the Act 41 Geo. III., by which an attachment could issue to Ireland to enforce there any order or decree made by the English court of chancery. Mullett v. Christmas, 2 Ball & B. 422; Ker v. Dutchess of Munster, Bunb. 35; Hill v. Reardon, 6 Madd. 46. A similar conclusion was reached in the courts of this state, where a plaintiff residing in Brooklyn was required to give security for costs under the Revised Statutes, in an action in the superior court of New York City, notwithstanding the statute by which judgments of that court could be enforced in any part of the state. Gardner v. Kelly, 2 Sandf. 632; Bolton v. Taylor, 18 Abb. Pr. 385. These decisions must be held decisive in the present case. The motion is granted.