By the Court.—Horace Russell, J.
On the argument of this appeal, the defendant’s counsel insisted that, under the Code, as recently amended, his client was entitled, as a matter of absolute right, to have his motion in this matter granted. The plaintiff’s counsel, on the other hand, insisted:
First. That this was not a case contemplated by the Code, in its provisions relating to security for costs.
Second. That if it was, the matter was still within the discretion of the'court; and,
Third. That the defendant was guilty of such laches in making his motion that it was properly denied on that ground.
1. The provision of the Revised Statutes (2 R. S. 620, § 1), which formerly controlled this subject, was : “ When a suit shall be commenced in any court for a plaintiff not residing within the jurisdiction of such court, or for several plaintiffs who are all non-residents, the defendants may require the plaintiffs to give security for costs.” The act organizing the superior court (Laws of 1828, p. 141, c. 137) made it a local court, and prohibited the sending of its process into any other county, except process of subpoena and attachment for disobedience thereof. The acts of 1840, 1844 and 1847 extended the power of the court to the extent of authorizing transcripts of its judgments to be filed in other counties,'and the issuing of executions into such counties upon such judgments; but it was uniformly held that these provisions could not be regarded as extending the jurisdiction of the court by implication (Hicks v. Payson, 7 Abb. Pr. 326, opinion by Bosworth, J.; Gardner v. Kelly, 2 Sandf. 632; Blossom v. Adams, 7 N. Y. Leg. Obs. 314; Frees v. Ford, 6 N. Y. 176)..
*361 And so it was uniformly held that a plaintiff not residing within the city of New York, who brought an action in this court, must file security for costs (Bolton v. Taylor, 3 Robt. 647). While I do not agree with these decisions, I feel bound to follow them.
Unless the new Code has changed the law, these decisions may be regarded as applicable to this appeal. The provision of the Code (§ 3,268) relating to this, subject, went into effect on the first day of September last. Inasmuch as it was the law on this subject at the time the decision of this motion was made, though not at the time it was argued, it was assumed by both sides-on the argument of the appeal, that the Code must be regarded as controlling, even if in conflict with the previous statutes and decisions. The provision of the Code-is: “Sec. 3,268. The defendant in an action brought in a court of record may require security for costs to-be given, as prescribed in this title, where the plaintiff was, when the action was commenced, either—1. A person residing without the State; or, if the action is. brought in a -county court, or in the marine court of the city of New York, the city court of Yonkers, or the justices’ court of the city of Albany, residing without the city or . county, as the case may be, wherein the-court is located.”
The Code, as amended in 1876 (§ 263), enlarged somewhat the jurisdiction of the superior court, as-will be readily seen by comparing that section with section 33 of the old Code. Sections 263 and 3,268 would seem to indicate that the legislature meant so to enlarge its jurisdiction and powers as that the judgment, of the superior court should be as effectual in any county of the State as the judgment of the supreme-court, and to take this court, at least in certain respects, out of the category of local courts ; inasmuch as they expressly provide that security for costs may be demanded from a plaintiff not residing in the county, who- *362 brings his action in certain local courts enumerated in subdivision 1 of section 3,268—courts with which, in this respect, the superior court was formerly classified —thereby indicating the intention of the legislature, by not including the superior court in the provision, that hereafter any citizen of this State, no matter in what county he resides,, might bring his action in'the superior court of this city (provided this court has jurisdiction of the action ; section 263), without filing security for costs. This seems the necessary construction of section 3268, unless such construction ought to be altered on account of the other sections of the Code which will now be considered.
The counsel for the appellant claimed that section 3,343 (subd. 1) and section 3,347 (subd. 4, 13), taken in connection with section 3,268, clearly indicated the legislative intent that a defendant in a case like that at bar should have security for costs.
“ Sec. 3,343. Miscellaneous general distinctions and rules of construction.—In construing this act, the following rules must be observed, except where a contrary intent is expressly declared in the provision to be construed, or plainly apparent from the context thereof:
“1. The superior city courts are, collectively, the court of common pleas for the city and county of Mew York, the superior court of the city of Mew York, the superior court of Buffalo and the city court of Brooklyn.”
“ Section 3,347 (under title 2, provisions regulating the effect and application of this act). The application of certain portions thereof regulated and qualified.
“ The application and effect of certain portions of this act are declared and regulated as follows : Except that where a particular provision included within a chapter, or a portion of a chapter, specified in a subdivision of this section, expressly designates the courts, persons or proceedings affected thereby, that provision *363 is deemed excluded from the application and effect prescribed in the subdivision.....
“4. The remainder of chapter 5 and the whole of chapter 6 apply only to an action commenced on or after the first day of September, 1877, in the supreme court, a superior city court, the marine court of the city of New York, or a county conrt.....
“13. In chapter 21, titles 1, 2 and 3 apply only to an action in one of the courts specified in subd. 4 of this section.”
“The remainder of chapter 5 and the whole of chapter 6,” referred to in subdivision 4 of section 3,347, relate to infant parties, and to pleadings in courts of record. So that subd. 4 only means to say that the provisions of a portion of chapter 5 and the whole of chapter 6, relating to infant parties and to pleadings, shall apply to actions commenced in a superior court after the first day of September, 1877.
Subdivision 13 of section 3,347 is, that “in chapter 21, titles 1, 2 and 3 apply only to an action in one of the courts specified in subd. 4 of this section.” Chapter 21, titles 1, 2 and 3 relate to costs, security for costs and fees. That is to say, subdivision 13 means that the provisions of titles 1, 2 and 3, relating to fees, costs, and security therefor, apply only to actions in the supreme court, a superior city court, the marine court of the city of New York, or a county court.
I have quoted these statutes because the bare inspection of them indicates that the claim of counsel, in regard to their effect, to say the least, does not seem to be sustained. And when they are taken in connection with the first part of section 3,347 and section 3,343, quoted above, and in connection with section 3,268, which does expressly provide in what local courts security for costs may be demanded by a defendant from a plaintiff residing without the county, it seems to be reasonably clear that there is nothing in the Code *364 to conflict with the ordinary and obvious construction of section 3,268, and that does not require a plaintiff' to give security for costs under circumstances like the present. It may safely be granted that the provisions-of titles 1, 2 and 3 of chapter 21, relating to costs, fees, and security for costs, apply to the supreme court Or a. superior city court (subd. 4, §3,347), without its following, when it comes to the application, that section 3,268, under title 3 of chapter 21, should not be construed and applied according to its obvious meaning. To give the-construction claimed would be to require security in the supreme court as well as in a superior city court. If there be a conflict between the obvious construction of section 3,268 and an inference which might be drawn from the subsequent sections of the Code above quoted, I should still be of opinion that the former ought to-control on well settled rules in the construction of' statutes. A clearly expressed intent must always govern, rather than an inference or implication.
2. The defendant having neglected for nearly a year to make this motion, though he knew that the plaintiff resided in Brooklyn—the action having in the meantime come to issue and been for many months upon the-calendar for trial—I think his delay constituted such laches as to justify the court below, so far as the motion addressed itself to its discretion, in denying it (2 Wait Pr. 570, 572 ; Florence v. Bulkley, 1 Duer, 705; Swan v. Matthews, 3 Duer, 613 ; Robinson v. Sinclair, 1 Denio, 628 ; Fearn v. Goelpke, 13 Abb. Pr. 473).
The order appealed from -should be affirmed’, with. $10 costs, and disbursements.
Sedgwick, Ch. J., concurred.