REUBEN W. GIFFORD, AS RECEIVER, ETC., OF CHAUNCEY W. RISING, A JUDGMENT DEBTOR, APPELLANT, *v.* CHAUNCEY W. RISING AND OTHERS, RESPONDENTS.

*Security for costs — a receiver appointed in supplementary proceedings may be required to give security for the costs of an appeal taken by him — Code of Civil Procedure, sec. 3271 — laches.*

The plaintiff in this action, a receiver appointed in proceedings supplementary to execution, having appealed from a judgment dismissing the complaint on the merits, with costs, the defendant applied for and obtained an order requiring the plaintiff to furnish security for the costs of the appeal.

*Held,* that the plaintiff was a trustee of an express trust, or a person expressly authorized by statute to sue, within the meaning of section 3271 of the Code of Civil Procedure, which authorizes the court to require the plaintiff to give security for costs.

That, although no dismissal of the complaint could be taken, on the failure of the plaintiff to comply with any order which might be granted at this stage of the action, as authorized by section 3277 of the said Code, yet that provision of the statute did not necessarily operate as a limitation upon the power of the court to require the plaintiff to give security for costs.

That while, so far as related to the proceedings and costs in the action prior to the judgment, the defendants were chargeable with laches, their omission to move for security earlier in the progress of the action did not necessarily prejudice their application, so far as related to the costs of the appeal, which was made in due season after the appeal was taken, as the appeal was the commencement of a new proceeding in the action after its determination by final judgment, and was distinct from that which resulted in the recovery of such judgment.

That the fact that the action was commenced, without leave of the court having been first obtained, and that the plaintiff, as receiver, had no funds, and no prospect of any, other than such as might result from this action, might properly be considered by the court in making the order.

APPEAL from an order of the Niagara Special Term, directing the plaintiff to give security for costs of an appeal taken by him to the General Term from a judgment dismissing the plaintiff's complaint.

The issues were tried before a referee, and upon his report judgment was entered dismissing the complaint on the merits, with costs, from which judgment the plaintiff appealed. The defendant's motion for security for costs was so far granted as to require the plaintiff to furnish security for the costs of the appeal.

*Henry M. Davis*, for the appellant.

*George D. Judson*, for the respondents.

BRADLEY, J.:

The statute provides that in an action brought by a trustee of an express trust, or a person expressly authorized by statute to sue, the court may, in its discretion, require the plaintiff to give security for costs. (Code Civ. Pro., § 3271.) The plaintiff is a receiver appointed in proceedings supplementary to execution, and as such comes within the classes of persons before mentioned. (*Kimberley* v. *Stewart*, 22 How., 281; *Bolles* v. *Duff*, 17 Abb., 448.) No time or stage in the progress of the action, when the motion for the order requiring the plaintiff to give such security may be made, is prescribed by the statute, unless it is found in the provision that on his failure to comply with the order the defendant is entitled to judgment dismissing the complaint upon motion therefor. (Id., § 3277.) And although no dismissal of the complaint can be taken in this action on such default, since judgment to that effect was entered before the order was made, we think that provision of the statute does not necessarily operate as a limitation upon the power of the court to require the plaintiff to give security for costs. The penalty thus prescribed is applicable only to those cases where the order and default are made prior to judgment, and after that the statute provides no relief for default other than a stay of proceedings in the action. And whatever further remedy, if any, the defendant may in such case have, must rest in the practice of the court, which in that respect now requires no consideration. (*Dyer* v. *Dunivan*, 3 How., 135.)

It is, however, contended that the defendants were chargeable with laches, and for that reason their motion should not have been entertained. It is true that such ground, when supported by the fact, furnishes a reason for denial of a motion for security for costs. (*Carpenter* v. *Downing*, 6 Hill, 234; *Robinson* v. *Sinclair*, 1 Denio, 628; *Swan* v. *Matthews*, 3 Duer, 613; *Buckley* v. *Gutta P.*, etc., *Mfg Co.*, 3 Civ. Pro. R., 428; *Fitzsimmons* v. *Curley*, 6 id., 156; *Lewis* v. *Farrell*, 14 J. & S., 358.) It is evident that, so far as relates to the proceedings and costs in the action prior to the judgment, the defendants were chargeable with laches, which properly denied to them the direction applied for as to such costs. And the effect upon those of the subsequent proceedings would be the same, unless such proceedings can be so distinguished from those preceding the judgment as to permit, in support of the order, the application of a reason which relieves them from the laches incident to the earlier progress of the action. This can only be done by treating the appeal taken as a new and independent proceeding in it. The appeal, unlike the writ of error of the old practice, is not a new action, but is the commencement of a new proceeding in the action after its determination by final judgment, and distinct from that which resulted in its recovery. (*Enos* v. *Thomas*, 5 How., 366; *Lampman* v. *Hand*, 4 Paige, 120, 121; *McLaren* v. *Charrier*, 5 id., 530, 534.) The omission of the defendants to move for security early in the progress of the action, did not, therefore, necessarily prejudice their application, as relates to the costs of the appeal made in due season after the appeal was taken, which seems to have been done. The discretion of the court in making the order was justified by the circumstances. The papers tend to show that the action was commenced without having leave of the court, and that the plaintiff, as receiver, has no funds and no prospect of any other than such as may result from this action. That situation may properly have been taken into consideration by the court as furnishing some reason for granting the order. (*Cumming* v. *Egerton*, 9 Bosw., 684; *Meehl* v. *Schwickhart*, 3 W. D., 405.)

The order should be affirmed.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Order affirmed with ten dollars costs and disbursements.