Dean v. Cannon.

WILLIAM H. DEAN *v.* GEORGE L. CANNON.

The statute is imperative, that when it appears upon the trial, in a District
Court, that the plaintiff is not a resident, and has filed no security, the com-
plaint must be dismissed.

And it does not alter the rule, that the fact of non-residence and failure to file
security appear, for the first time, upon a new trial, ordered by the appellate
Court.

An order for a new trial imposes no duty on the Court below, inconsistent
with, or restrictive of, any of its powers. The case is to be heard and de-
cided, on a new trial, in the same manner as if the trial were an original one.

APPEAL by defendant from a judgment rendered in the First
District Court.

The plaintiff brought action against the defendant as indorser
of a bill of exchange. On the return day mentioned in the
summons, the defendant did not appear, and plaintiff took
judgment by default for amount claimed, interest and costs.
The defendant appealed to the Court of Common Pleas; the
judgment was reversed, and it was ordered that "a new trial
be had before the Justice of the First Judicial District Court,
on the 19th day of February, 1859, at 10 o'clock, A.M."

In pursuance of such order, the cause came on for trial before
such justice and a jury. Plaintiff's counsel admitted that the
plaintiff was a non-resident, and had not filed security for costs.
The defendant's counsel thereupon moved for a dismissal of the
complaint.

The Justice denied the motion, on the ground that the case
was before him in pursuance of the order of the Court of Com-
mon Pleas.

The jury, after being charged by the Justice, among other
things, that the plaintiff was properly in Court, returned with a
verdict for the plaintiff.

The defendant then appealed to this Court.

Cary v. Thompson.

*Pike & Galpin* for appellants.
*Tyler & Brown* for respondents.

BRADY, J.—The judgment must be reversed. The plaintiff was a non-resident, and did not file security for costs. *Hallenbeck* v. *Gillies*, 7 Abb. Pr. Rep. 421.

The Justice declined to dismiss the action on the ground that the cause was sent back by this Court for a new trial, seeming to regard it as a duty to dispose of the case on its merits for that reason. A new trial was ordered by this Court, because the defendant failed to appear, and alleged a defence on the merits. The order for a new trial imposed no duty upon the Court below, inconsistent with or restrictive of any of its powers. The case was to be heard and decided, although it was sent back, in the same manner as though it had been an original one. The statute is imperative. When it appears at the trial that the plaintiff is not a resident, and has not given security (*Hallenbeck* v. *Gillies*, *supra*), the Justice must dismiss the complaint. These facts did not appear at the trial, and were not controlled in their legal effect by any order of this Court.

Judgment reversed.