JOHN GLASS *against* WILLIAM H. PLACE.

Since the amendment made in 1862 (L. 1862, c. 484, p. 975) to the District Court Act of 1857 (L. 1857, c. 344, p. 707), a plaintiff who is not a resident of the city of New York may sue by long or short summons, and, in case he elect to sue by long summons, need not give security for costs.

The cases of *Hallenback* v. *Gillies* (7 Abb. Pr. 421) and *Dean* v. *Cannon* (1 Daly, 34), holding that a non-resident plaintiff must sue by short summons, and give security, *Held* to have been superseded by the amendment of 1832.

APPEAL from a District Court.

ROBINSON, J.—The error which the defendant alleges occurred on the trial in the District Court, and for which he seeks a reversal of the judgment, was in the refusal of the justice to dismiss the action when it appeared that the plaintiff was a non-resident of the county, the action having been commenced by a long summons. This objection, accompanied by proof that no security for costs had been filed, was held by the general term of this court, in *Hallenbeck* v. *Gillies* (7 Abb. 421), BRADY, J., dissenting ; and again, in *Dean* v. *Cannon* (1 Daly, 34), decided in 1860, to be fatal to an action. This was so held in those cases, in view of the imperative language used in the District Court Act of 1857. By sec. 13 of that act it was provided : "The time mentioned in the summons for the appearance of the defendant, and the time of service, must be as follows: Sub. 1.  *  *  when the plaintiff is a non-resident

and gives the security required by the twenty-third section of this act, it (the summons) must be returnable in not less than two, nor more than four days from its date." By subdivision 2. " In all other cases it must be returnable in not more than twelve days from date." Section 23 required a plaintiff not residing in the county, before the issuing of the short summons provided for in sec. 13, to file security for costs. Section 45 in terms required the justice to dismiss the action, with costs, on objection made, when it appeared on the trial that the action was brought " by a plaintiff, a non-resident of the county, without giving the security required by this (that) act." In *Hallenbeck* v. *Gillies* (*supra*), the terms of this 45th section was held to include actions commenced by long as well as those commenced by short summons, where no such security for costs had been filed. Judge HILTON, in the prevailing opinion, says: " It (an action by a non-resident plaintiff), in other words, must be by short summons." As this court was that of last resort in actions commenced in District Courts (unless for cause permission should be given to carry the case to the Court of Appeals), this decision was, in a manner, conclusive as to the powers and proceedings of those courts on this question ; and apparently, in view of its operating diversely from the ordinary mode of proceeding in justices' courts throughout the State, the Legislature, in 1862, passed the amendments contained in chapter 484 of the laws of that year. By sec. 20 of which sec. 13 of the Act of 1857, in the matter above quoted, was amended to read as follows : " When the plaintiffs, or either of the plaintiffs, is not a resident of the city, the summons may be returnable as above provided " (in not less than two or more than four days from its date) ; and by sec. 21 of that act sec. 23 of the act of 1857 was amended, so as to provide that " when the plaintiff does not reside in the city of New York, and has no place of business or stated employment therein, or when the above is true of all the defendants, before the issuing of the short summons," as allowed by sec. 13 of the act of 1857, security for costs must be filed.

These provisions of the act, as thus amended, expressly afford non-resident plaintiffs the right to elect that a short

summons should be issued in their favor, on giving security for costs, and only requires such security in case of such election. At the time of the trial of this action, the only ground for an objection and motion to dismiss, having reference to the question of residence (§ 45), was when the action was brought by a plaintiff not a resident of the county by a short summons, without giving the security required by the act. The act, as amended, required no such security in an action brought by a non-resident upon a long summons, and the objection and motion made by the defendant were wholly untenable and unavailable.

Judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.