HARVEY S. EASTON, Respondent, *v.* CHARLOTTE A. PICKERS-
GILL et al., ALLBERT DAY, Purchaser, Appellant.

Where a referee appointed to sell under a foreclosure judgment, at the
request of the purchaser and for his accommodation applies the sums
received on the sale in different order from that directed in and by the
judgment, the purchaser cannot be heard to complain of the referee's
action.

The doctrine of *res adjudicata* does not apply in its strictness to orders
made on special motions

The matter may be moved again on leave granted and on a new state of
facts.

(Argued November 12, 1878; decided November 19, 1878.)

APPEAL from order of General Term affirming an order
of Special Term, denying a motion to compel John H.
Bergen, referee, appointed to sell under and by a judgment
of foreclosure herein to pay a balance of taxes and assess-
ments pursuant to the judgment.

It appeared that the judgment order directed that from
the proceeds of the sale, the referee appointed to sell, should
first keep his fees and expenses of the sale; then deduct the
amount of any lien, or liens upon the premises sold, at the
time of such sale, for taxes, assessments, or prior mortgage;
and that he should then pay the costs and allowances and
debt of the plaintiff.   The respondent Bergen, was appointed
the referee to sell.   He put the lands up for sale, and they
were bid for by the appellant Day, and struck off to him at
his offer of $7,600.   This sum, if it had been paid to the
referee in the time fixed by the terms of sale, would have
been nearly if not quite sufficient to pay all the referee's fees
and expenses, all taxes and assessments which were liens at
the time of the sale, the prior mortgage, and the costs, allow-
ances, and debt of the plaintiff.   But on the day fixed by
the terms of sale for the completion of the purchase by the
payment of the bid in full, and the execution of the deed,
the purchaser was not able to make full payment.   Hence
delay arose, and was continued, until the plaintiff demanded

a re-sale, which the referee gave notice of. On the eve of the day of re-sale, the purchaser applied to the plaintiff, and the referee, for further time, which was denied ; until at the request of the purchaser, the referee received from him on his bid, enough money to pay off the plaintiff in full, and did on like request so pay off the plaintiff, who thereupon ceased opposition to a postponement of the day of re-sale, and a re-sale was not had. The purchaser did not then complete his purchase by making full payment of his bid, but claimed that out of the partial payment made by him to the referee, the latter should have first paid off certain liens, by tax and assessment, and by prior mortgage. And much litigation by way of special motions, and orders, and appeals therefrom took place. In the meantime the holder of the prior mortgage began a foreclosure of it, and it was paid, with the costs of that suit, by the purchaser ; who had the amount of that incumbrance allowed to him on his bid. The referee executed a deed of the lands to the purchaser.

The referee has paid out or duly accounted for all of the moneys which the purchaser paid to him, except a small sum.

The purchaser appellant, insisted that the matters involved are *res adjudicata*, between him and the referee. (*People ex rel. Day* v. *Bergen*, 53 N. Y., 404.) *Held*, as above stated, and that from the facts now appearing the motion was properly denied ; that if the referee still had a small sum in his hands this did not affect the correctness of the orders appealed from, as whatever sum so remained, 't was not sufficient to pay the taxes and assessments which was what the motion required, and that if any surplus so remained the referee could be compelled to pay it to whomsover was entitled to it.

*Albert Day* appellant in person.

*E. A. Spink* for plaintiff respondent.

*John H. Bergen*, referee, respondent in person.

FOLGER, J., reads for affirmance.
All concur, except HAND, J., of counsel not voting.
Order affirmed.