Reynolds, J.
This appeal must be determined only upon the papers before the special term. The parties, in points submitted after the argument, have each stated facts not appearing in the affidavits. We cannot regard such statements. The affidavits upon *109 winch the order was granted show that the summons and complaint were served May 4, 1881. The defendant served an answer May 16,1881, and on the same day obtained an order ex parte requiring plaintiff to file security for costs. This order was subsequently set aside upon plaintiff’s motion, and defendant, on July 21, 1881, gave notice of the motion which resulted in the order from which this appeal is taken. Defendant had a right to security for costs, but this right was one which could be waived by delay in demanding it, or by taking steps in the case before demanding it (See Shuttleworth v. Dunlop, 25 Alb. Law J. 8). He was of course notified by the summons and complaint that the plaintiff was an infant represented by guardian. With, such knowledge he served Ms answer. It is claimed that by serving the order to file security at the same time, he saved Ms rights. But this order was set aside, and the plaintiff in his affidavit says it was upon the merits. Nor does it appear that liberty was obtained to renew the motion. At all events, we do not see that the first order, subsequently revoked as.it was, can now aid an application made more than two months after the service of the answer with nothing more than appears upon the motion .papers to account for the delay. We think the motion should have been denied. The order must be reversed with costs of appeal.
Nmlsoit, Ch. J., concurred.