PRICE *v.* PRICE *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

REFERENCE—AMENDMENT OF ORDER—POWER OF COURT.

Plaintiff having been adjudged entitled to dower, an order was entered by a special term justice, directing the referee to compute the amounts payable by the several defendants as damages for withholding her dower, and for that purpose to take account of the rents and profits; the inquiry being restricted to the date of the decree, or the time when any part of the property had been sold, either before or after the decree. Subsequently, on plaintiff's motion, and affidavit that the order was drawn under a misapprehension as to the extent of her rights, another special term justice amended and enlarged the order, so as to authorize the referee to take the account, without restricting it, as to any part of the property sold, to the time of sale. *Held* that, as it appeared that the original order was the result of a mistake, and as neither the original nor the amendment determined any right or liability of either party, the amendment was proper.

Appeal from special term, New York county; ANDREWS, Justice.

This action was brought by Constance B. Price against Walter J. Price and others to recover her dower as the widow of Walter W. Price, deceased, in certain real estate, and among the parcels was lot and house No. 4 Van Nest place, in the city of New York. This had been conveyed to one Josephine

Little, and at the time the action was commenced, June 7, 1880, she was in possession of this lot and house, claiming to be the owner. She was made defendant, and put in an answer, and contested the right of plaintiff to dower therein. On December 27, 1884, there was interlocutory judgment that plaintiff was entitled to dower in all the real property described in the complaint, including the house and lot No. 4 Van Nest place, and it was referred to a referee to admeasure plaintiff's dower therein. He reported that an actual admeasurement was not practicable, but his report was set aside, and he was then directed to set off, for plaintiff's whole dower estate in all the parcels described in the complaint, a distinct parcel out of the separate parcel, situate in Warren county, known as the "Manor House Property." This the referee proceeded to do, and made his report, which was filed June 18, 1887. Thereafter, plaintiff moved, at special term, for an order of reference, to take and state an account of the rents and profits of the several parcels of real estate, and as to the premises alleged to be owned by defendant Josephine Little, from the time of the commencement of the action to the date of the report. The original notice of motion made no distinction between the defendant Little and the other defendants, as respects the time or period for which it was asked that the damages should be computed. And the opinion of Justice POTTER, on deciding the motion, made no distinction because of the fact that the defendant Little had conveyed away the property owned by her when the action was brought. On December 22, 1887, an order of reference was made, to compute the amount payable by defendants to plaintiff as damages for withholding her dower, and there was the following provision in the order: "If any of the aforesaid real property was sold and conveyed by any of said last-named defendants prior to the entry of said decree," (referring to the interlocutory judgment entered on the 27th day of December, 1884,) "to take the account as to the property so sold until the date of the sale thereof." This clause, as it afterwards appeared, applied only to the case of the defendant Josephine Little, who was the owner of No. 4 Van Nest place when she was served with the summons, April 4, 1881, and who had sold the same April 25, 1882. The plaintiff's counsel, after discovering this fact, moved the court to amend the order of reference by striking out this clause of the order, and in his affidavit states the facts and circumstances connected with the making of the order, and the grounds upon which the plaintiff asks for the relief. Those were satisfactory to the justice sitting at special term, (Justice ANDREWS,) and he granted the motion. From the order allowing the amendment Mrs. Little has appealed.

Argued before VAN BRUNT, P J., and DANIELS and BARTLETT, JJ

*James R. Marvin,* for appellant. *Charles Jones* and *Geo. H Starr,* for respondent.

DANIELS, J. The order, which was amended or enlarged by the order from which the appeal has been taken, was made at a court in which Justice JOSEPH POTTER presided, and it directed the referee to compute the amount, payable by the defendants named in the order to the plaintiff, as damages for withholding her dower, and for that purpose to take an account of the rents, issues, and profits received by the defendants, respectively, from the real property owned by them, in which the plaintiff had been adjudged entitled to dower. This order restricted the inquiry to the entry of the decree, or the time when any part of the property had been sold or conveyed by either of the defendants, and, in the event of a sale, to take the account to the date of such sale, and to report the amount payable at that time, and also to ascertain and report the amount for the like purpose due since the entry of the interlocutory decree, and until a sale had been made of any of the property subsequent to the entry of such decree. These portions of the order, by the order from which the appeal has been brought, were stricken out, and the referee

was accordingly placed at liberty to take and state the account, without restricting it as to any parcel of the property sold, to the time when the sale itself had taken place. It has been objected that the court did not possess the power or authority to make this change in the preceding order, but that position is not capable of being sustained; for it appeared, by the affidavit presented on behalf of the plaintiff, that the order, sanctioned by Mr. Justice POTTER, had been entered under an alleged misapprehension as to the extent of the right of the plaintiff to recover her one-third of the rents and profits of property which might have been sold after the commencement and during the pendency of the action. No authoritative decision appears to have been made by Justice POTTER, limiting the right of the plaintiff to recover the rents and profits of either parcel of land to the time when a sale did take place. But the order was adopted and entered as it was drawn, and proved at that time to be satisfactory to the plaintiff's counsel. It was not reviewing any decision made by Justice POTTER, therefore, for the court to make the order now in controversy; and, as it appeared that the preceding order had been entered under an alleged mistake of the plaintiff's rights, it was correct and proper to relieve the case from the effect of that mistake, by amending and enlarging the order. The power which the court possesses over orders made as the result of motions is more enlarged and more flexible than that existing over judgments, and other more formal determinations, concerning the rights of parties. Where their rights may be affected by an order made upon the decision of a motion, leave may be afterwards given by the court to rehear the motion itself, and so it may be also reheard without leave, upon additional facts brought to the knowledge of the court justifying that proceeding. This subject was considered quite at large in *Riggs* v. *Pursell*, 74 N. Y. 370, and the court there held that formal notice of an application to renew a preceding motion was not indispensably necessary, and that the hearing of the motion itself was, in effect, allowing it to be reheard. Id. 378, 379. And the general principle from which this was considered to result, was followed in *Easton* v. *Pickersgill*, 75 N. Y 599. In substance and effect, the last order directed a broader and more extended inquiry than had been included in the first order; and, as that appeared to be justified by the facts, it was not only the right, but the duty, of the court to provide that direction. The order which is complained of has determined no right or liability in favor of or against either party. It has merely broadened the subject of inquiry before the referee, upon which evidence could be taken and reported to the court; and it appears by the affidavit that such evidence was received, and that the referee is ready to make his report upon its basis. When that shall be done, all questions of liability will be in a situation to be considered and passed upon by the court, and, if either defendant should be exonerated from liability for rents and profits after the conveyance of any parcel of the property in dispute, a decision to that effect will then be made; but if the sale shall not end the liability, then the case will be in a condition to be completely and effectually disposed of on that view. No harm has been done to any person by this order, but it has placed the case where it can be wholly and entirely disposed of, as the facts may require that to be done, under the law applicable to the controversy. The order should be affirmed, with $10 costs, and also the disbursements.

VAN BRUNT, P. J., and BARTLETT, J., concur.