ANNA E. CHURCHMAN, Respondent, v. HANNAH B. MERRITT and Others, Appellants.

*Right of a defendant to compel a non-resident plaintiff to file security for costs is absolute — no discretion is conferred upon the court by section 3268 of the Code of Civil Procedure — the order may be made without notice.*

On the 22d day of June, 1888, upon an affidavit stating that the plaintiff in this action, which was commenced on June twentieth, was a resident of Pennsylvania, an order was made requiring her to file security for costs; which order was thereafter vacated, upon an affidavit showing that her property was situated in this State and under the control of at least one of the defendants, and afforded ample security for the costs of the action:

*Held,* that this order, vacating the order requiring security to be given, should be reversed.

That section 3268 of the Code of Civil Procedure has vested a defendant with the right to require security for costs to be filed in certain cases, including that of a non-resident plaintiff, and the enactment has been framed in such language as to afford the court no discretion over the application where it is made with due diligence.

*Healy* v. *Twenty-third Street Railway Company* (1 N. Y. Civ. Pro. R., 15); *Buckley* v. *Gutta Percha Company* (3 id., 428); *Robertson* v. *Barnum* (29 Hun, 657) followed.

That the language employed in the enactment of section 3272 of the Code of Civil Procedure permits the court or judge to make an order requiring security for costs to be given, without notice.

*It seems,* that the practice prescribed and followed, under section 3 of 2 Revised Statutes (Edm. ed.), 644, which required the order to be made, either upon notice or a preceding order to show cause, is a more judicious mode of proceeding.

APPEAL from an order made at the New York Special Term and entered in the office of the clerk of the city and county of New York, on July 11, 1888, vacating an order, requiring the plaintiff to file security for costs.

*Marshall P. Stafford,* for the appellants.

*James E. Chandler,* for the respondent.

DANIELS, J. :

The action was commenced on the 20th of June, 1888, and on the twenty-second day of the same month an order was made, upon an affidavit stating the plaintiff to be a resident of the State of Pennsylvania, requiring her to file security for costs. Upon an affidavit

showing that her property was situated in this State and under the control of at least one of the defendants, and afforded ample security for the costs in this action, the order was vacated. The decision vacating the order, requiring security to be filed, was also based in part upon the authority of *Todd* v. *Marsily*, (26 Weekly Dig. 244). But in that case the application for security was denied on account of the unreasonable delay in making it, while no such objection was or could be raised in this case.

Section 3268 of the Code of Civil Procedure has vested the defendant with the right to require security for costs to be filed in certain cases, including that of a non-resident plaintiff, and the enactment has been made in such language as to afford the court no discretion over the application where it may be made with diligence, and such is the view which has been expressed and followed in decided cases (*Healy* v. *Twenty-third St. Ry. Co.*, 1 N. Y. Civ. Pro. R., 15; *Buckley* v. *Gutta Percha Co.*, 3 id., 428); and this construction was referred to as that which the statute should receive, in *Robertson* v. *Barnum* (29 Hun, 657).

It is further confirmed, also, by section 3271 of the Code, providing for other cases in which the court may, in its discretion, require security to be given. Subjecting this authority to the discretion of the court, as it was expressly done by this section, is an indication that it was not intended that the right to security, in the cases previously provided for, should be in any manner dependent upon the discretion of the court, where the application for the order should be made with diligence; and as the defendants were entitled to the order in this instance, they could not be deprived of their right to it by reason of the circumstance that the plaintiff had ample property in the State from which the costs of an unsuccessful litigation, on her part, could be collected by the defendants. The right to the order has not been subjected to that condition.

This order was made without notice, but the language employed in the enactment of section 3272 of the Code of Civil Procedure permits that to be done. It is true that this section is no broader than the law as it was contained in the Revised Statutes (2 R. S. [Edm. ed.], 644, § 3), under which the practice prescribed and followed required the order to be made either upon notice or a preceding order to show cause (*Champlin* v. *Pierce*, 3 Wend., 445).

That, undoubtedly, is the more judicious mode of proceeding, but, at the same time, whether it shall be followed, must depend upon the discretion of the court or judge to whom the application may be made. As the law is enacted an absolute order, in the first instance, is not unauthorized.

The order, from which this appeal has been brought, should be reversed, with the usual costs and disbursements, to abide the event of the action.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment reversed, with usual costs and disbursements, to abide the event of the action.