ALPHEUS M. HINMAN, RESPONDENT, *v.* ROBERT T. PIERCE AND OTHERS, APPELLANTS.

*Dismissal of a complaint because of a failure to file security for costs — a reference to determine as to counter-claims set up in the answer, is not proper in such a case.*

On the failure of the plaintiff to file security for costs, as required by an order of the court, a further order was granted, reciting an application, in addition to one. for the dismissal of the complaint, for the appointment of a referee to take proof of the facts stated in the answer, and providing that such application should be granted, with costs, unless the plaintiff, within twenty days, filed the security required by the prior order. The plaintiff failed to file such security within the time specified, and the defendants thereupon applied for a reference to take proof as to the counter-claims set up in the answer.

*Held,* that such application to take proof as to the counter-claims should be denied.

That the plaintiff was not concluded, as to such application, by the prior order of the court granting the motion then made in case security should not be filed.

That this disposition of the matter was especially proper in this case, in which, by reason of the plaintiff's default, the defendants had obtained an order staying all proceedings on the part of the plaintiff and thus preventing him from replying to the counter-claims set up in the answer.

Section 3277 of the Code of Civil Procedure provides, in case of a failure to file security for costs, simply that the plaintiff's complaint be dismissed, but does not authorize, where such dismissal takes place in an action in which the defendant has set up counter-claims in his answer, any affirmative relief, beyond the recovery of costs, to the defendant.

APPEAL from so much of an order of April 23, 1888, made at the New York Special Term, as denied an application made by the defendants for the appointment of a referee to take proof of the facts stated in the counter-claims set forth in the answer. The action was brought for an accounting between the plaintiff and defendants, and the answer set up certain alleged counter-claims in behalf of the latter.

*Wales F. Severance,* for the appellants.

*H. Applington,* for the respondent.

DANIELS, J. :

An order was obtained on the application of the defendants, requiring the plaintiff to file security for costs. He failed to do

that, and the motion was thereupon made on behalf of the defendants to dismiss his complaint. On the decision of that motion an order was entered, reciting an application for a reference, in addition to the dismissal of the complaint, and for the appointment of a referee to take proof of the facts stated in the answer. It was then ordered that the motion should be granted, with costs, unless the plaintiff, within twenty days, filed the security and paid the costs of this and another motion. The plaintiff failed to file the security and the defendants, upon that failure and proof of service of the order, applied for a reference to take proof of the counter-claims. The court denied that application, and it is from that denial that the appeal has been brought. To support it, the position is taken that the first order was binding and conclusive upon the court at the time when the final application was made, and left it without discretion upon the subject of the appointment of the referee. But it is very clear, from the first order, that it is not entitled to that effect; for if it had been the intention of the court, at the time when that order was made, to provide for this reference, it would then have been so directed in the order, leaving no ground for mistake upon the subject. It was not so directed, but the right of the defendants to such a reference was left open and wholly unaffected; and the question was accordingly presented upon the last hearing whether the court should make an order for a reference to take proof of the alleged counter-claims.

Such a direction would be very unjust; for the defendants had previously obtained an order staying all the plaintiffs' proceedings, and that prevented him from replying to these alleged counter-claims; and after obtaining and serving that order, no court, with any sense of propriety, would allow the defendants to go on and prove alleged counter-claims, when, by their own act, it had been placed out of the power, as the stay did, of the plaintiff to reply to these defenses. The more reasonable view to be adopted and followed would be, if the defendants insisted upon taking proof of and recovering their counter-claims, that by these acts the stay would be vacated certainly so far as to permit the plaintiff to reply and to litigate the right of the defendants to recover upon the issues framed in that manner But to permit the defendants to put it out of the power of the plaintiff to reply or litigate the counter-claims,

and then to recover the amounts alleged to be owing, if anything was owing upon them, would be arbitrary and unjust in the extreme.

The Code, by section 3277, has provided for the dismissal of the plaintiff's complaint where he may be in default for not complying with an order directing security for costs to be filed. But it has not provided where such a dismissal may take place in an action of this description for any relief to the defendants beyond the recovery of their costs. And it could not consistently be made broader, for the dismissal of the complaint, as a matter of necessity, would result in the dismissal of the action of which it is the foundation. This is the theory of the section itself, for all which it has provided may be done in the recovery of a judgment dismissing the complaint, is for costs in favor of the defendants.

No further relief in this class of cases has been authorized or sanctioned by any provision contained in the Code, and the order should be affirmed, with ten dollars costs and also the disbursements.

VAN BRUNT, P.J., and BARTLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.