GEORGE C. WINCHESTER, Respondent, v. T. QUINCY BROWN, Appellant.

*When a motion may be renewed, after a decision has been made by the same court denying a former one for the same relief.*

On April 30, 1887, upon affidavits tending to establish the fact that the plaintiff was a resident of the State of Massachusetts, an order was made directing him, within twenty days after the service of a copy thereof, to pay into court the sum of $250, or file with the clerk an undertaking, to be executed pursuant to the provision of the Code, in the sum of not exceeding $1,000, as security for defendant's costs. On June 22, 1887, a motion made by the plaintiff, who had neither deposited the money nor given the undertaking, to vacate this order was denied. Another order was made, on July 2, 1887, denying a motion made by the plaintiff for an extension of the time within which the security might be filed.

Thereafter a motion was made by the defendant to dismiss the plaintiff's compaint because of his failure to furnish security, upon the hearing of which affidavits were read by the plaintiff tending to substantiate the justice of the claim, and by the defendant tending to show that the action was without merit. It was also shown that, on July 28, 1887, an undertaking had been filed in the form prescribed by the court.

Wherepon an order was made directing that the complaint be dismissed, unless within five days after the service of a copy thereof the plaintiff should pay to the defendant's attorneys thirty dollars for the costs of the several motions which had previously been decided against him and unless the sureties to the proposed undertaking should justify, if excepted to, or new sureties should be provided.

Upon an appeal by the defendant from this order:

*Held,* that while, in ordinary cases, the decision of a motion will prevent its repetition or rehearing by the court making the order, or any other tribunal in like manner constituted, yet as in this case none of the preceding orders had,

in any form, directed or provided for the dismissal of the complaint, and to obtain that end an additional motion on behalf of the defendant became a necessity, the court still had the right to look into all the facts, as they were disclosed by the complaint and the affidavits, in order to arrive at a just disposition of the motion.

*Riggs* v. *Pursell* (74 N. Y., 370); *Easton* v. *Pickersgill* (75 id., 599) and *Veeder* v. *Baker* (83 id., 156) followed.

That, as the plaintiff was not the moving party, but the motion was made by the defendant, it could be answered by showing a state of facts rendering it inequitable to dismiss the plaintiff's complaint.

Appeal from an order entered in the office of the clerk of the city and county of New York, on December 22, 1887, directing the dismissal of the plaintiff's complaint, unless certain conditions mentioned in the order were complied with by him.

*Henry Schmitt*, for the appellant.

*A. Walker Otis*, for the respondent.

Daniels, J.:

On the 30th of April, 1887, an order was made, on notice, directing the plaintiff in this action, within twenty days after service of a copy thereof, to pay into court the sum of $250, or file with the clerk an undertaking to be executed pursuant to the provisions of the Code, in a sum not exceeding $1,000, as security for the defendant's costs in the action. This order was made upon affidavits tending to establish the fact that the plaintiff was a resident of the State of Massachusetts. Neither the money was deposited nor the undertaking given. And, on the part of the plaintiff, a motion was afterwards made to vacate the order requiring this security. This motion was denied on the 22d of June, 1887. And on the twenty-seventh of the same month motion papers were served for a motion extending the time within which the security might be provided. This was heard on the 2d of July, 1887, and the motion was denied. A motion was also noticed, on behalf of the defendant, to dismiss the complaint, because of the failure of the plaintiff to furnish this security. And by way of resisting the motion, the complaint in the action, together with affidavits directly tending to substantiate the justice of the plaintiff's claim, were read upon the hearing. And so were affidavits produced on behalf of the

defendant, tending to maintain the conclusion that the action was without merit. It was also shown that, on the 28th of July, 1887, an undertaking had been obtained in the form prescribed by the Code, for the security of the defendant's costs, not exceeding in amount the sum of $1,000. And the court, considering that to be a just disposition of the motion, directed the complaint to be dismissed, unless within five days after the service of a copy of the order the plaintiff should pay to the defendant's attorneys thirty dollars for the costs of the several motions which had previously been decided against him, and the surety in the proposed undertaking should justify, if excepted to, or new sureties should be provided, as that has been permitted by the Code. And it is from the liberty in this manner given to the plaintiff still to file security, and to protect himself by doing so, from the dismissal of his complaint, that the defendant has appealed. And the appeal, it is urged, should be supported because of the effect which these preceding orders had in the way of determining the controverted questions included in the motions.

It is no doubt the law that in ordinary cases the decision of a motion will prevent its repetition or rehearing by the court making the order, or any other tribunal in like manner constituted. That was decided in *Jay* v. *De Groot* (2 Hun, 205), and afterwards so far followed in *Tunstall* v. *Winton* (31 Hun, 219). And if the court before which the final motion was made and decided had applied this principle to the disposition of the case, the plaintiff would probably have been concluded by the decision made in that manner.

But it was not bound to do so, for neither one of the preceding orders had in any form directed or provided for the dismissal of the complaint. To obtain that end an additional motion on behalf of the defendant became a necessity. And when that was heard the court still had the right to look into all the facts as they were disclosed by the complaint and the affidavits, for the just disposition of the motion. They had upon no preceding occasion been so generally or broadly brought to the attention of the court. And as the complaint could only be dismissed by a further order to be made, it could still be considered whether in justice the defendant was entitled to that order. That subject had in no way been decided by either of the other orders. And it has been held that preceding

orders may be reconsidered under circumstances of the nature of those brought to the attention of the court. (*Riggs* v. *Pursell*, 74 N. Y., 370.) There it was said, in the opinion of the court, that "Where additional facts are presented, or defects in proofs supplied, it is quite usual to grant leave to renew a motion which has been denied or to rehear one which has been granted." And " the rule requiring leave to be obtained before renewing a motion is one of practice merely to avoid confusion and abuses, but does not affect the power of the court to reconsider its decision on a motion upon additional facts. In this respect such decisions and orders differ essentially from judgments in actions or special proceedings." (Id. 379.) And that an order is not controlling as a judgment would be was also held in *Easton* v. *Pickersgill* (75 N. Y., 599), and *Veeder* v. *Baker* (83 id. 156).

If the plaintiff had been the moving party, the application then, regularly, would be for leave to file the undertaking which had been prepared, or for a reconsideration of the preceding motion. But as he was not the moving party, but the motion was made by the defendant, it could be answered by showing a state of facts rendering it inequitable to dismiss the complaint of the plaintiffs. And it was stated, as a fact, that in case of a dismissal of the complaint, a further action in his behalf would be avoided by the statute of limitations. That has been denied, however, on behalf of the defendant, who may be technically right. As to this disputed effect of the statute, it will not become necessary to decide, for it may be inferred, as the defendant is a resident of the State of Massachu setts, if the complaint should be dismissed, he may not again be dismiss his complaint. It may be without legal merit, but that can served with a summons in this State; and if the plaintiff is bound to resort to a new action in the State of Massachusetts, there the statute may be a defense. In either view it would be perilous to the plaintiff to only be tried and determined upon the evidence if a trial of the action shall take place.

As a matter of fact, it was settled that the plaintiff had been enfeebled in his health by the transactions set forth as the ground of the actions, and had not been able to obtain the security required. But to save his action he had at last obtained the security, and on this, as well as other facts detailed in the affidavits, the court consid-

ered it to be just not to dismiss the plaintiff's complaint without affording him one more opportunity of complying with the preceding orders, by filing security for costs ; and that the court still had the power to do, as a condition on which the plaintiff's motion should be allowed to prove successful.

The order should, therefore, be affirmed, with ten dollars costs and the disbursements, and the plaintiff allowed, within five days after notice of this decision, to comply with the order.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements, and plaintiff allowed, within five days after notice of this decision, to comply with the order.