## BEEBE *v.* PARKER.

*(City Court of New York, General Term.* February 26, 1889.)

COSTS—SECURITY—NON-RESIDENT—OFFICE IN NEW YORK CITY.

Code Civil Proc. N. Y. §§ 3268, 3269, requiring non-resident plaintiffs to give security for costs, use the phrase "non-residents of the state" with reference to courts of record generally, and "non-residents of the county" with reference to the city court of New York. Section 3160 provides that a plaintiff in an action in the latter court "who has an office for the regular transaction of business in person, within the city of New York, is deemed a resident of that city within the meaning of sections 3268, 3269." *Held*, that a plaintiff in an action in the city court, who is a non-resident of the state, but has an office for the transaction of business in person in the city of New York, cannot be required to file security for costs, and it is immaterial that under another section of the Code such a non-resident is liable to attachment.

Appeal from special term.

Action by Charles Beebe against Samuel Webber Parker. Plaintiff resides in New Jersey, but has an office in New York city for the transaction of busi-

ness in person, and appeals from an order requiring him to file security for costs.

Argued before McADAM, C. J., and McGOWN, J.

*Warner & Frayer*, for appellant.    *P. B. Vermilya*, for respondent.

PER CURIAM. There is no statute requiring a non-resident plaintiff to file security for costs, except that contained in sections 3268 and 3269 of the Code, which are limited, in their application to this court, as follows: "A plaintiff in an action brought in the court, who has an office for the regular transaction of business in person within the city of New York, is deemed a resident of that city, within the meaning of sections 3268 and 3269 of this act." Code § 3160. Those sections, in referring to the courts of record generally, refer to "non-residents of the state," and in referring to this court use the phrase "non-residents of the county," the latter term being more comprehensive than the former, as the words "non-residents of the county" necessarily include all "non-residents of the state," while the latter phrase does not include the residents of other counties of this state. The term "non-resident of the county" is therefore used in its most comprehensive and significant sense, and the qualification imposed by section 3160 is applicable, therefore, to all non-residents of the county, whether they reside in other counties or states. This is the construction placed on the act by the special term of this court in *Wyckoff* v. *Devlin*, 8 Civ. Proc. R. 138, and is the correct interpretation. *Glass* v. *Place*, 5 Daly, 110. It accords with the natural and obvious meaning of the words employed, which should be taken without resorting to subtle and forced construction. Courts cannot supply supposed errors, omissions, or defects. The office of interpretation is to bring a sense out of the words, not to bring a sense into them. *McCluskey* v. *Cromwell*, 11 N. Y. 593. The words used in section 3160 are plain and unambiguous, are special in their nature, and are in no way to be confuted by the general provisions of sections 3268 and 3269. Potter's Dwar. St. 273. It may well be that the legislature thought that a resident of Jersey City who invested his capital in business in the city of New York should be as favorably considered in respect to the right of prosecuting his demands as the resident of any other county of this state, (outside of New York city,) so long as each conducted his business in that city in person. The fact that a non-resident of the state, who does business in this city, is liable to attachment, (Code, § 3169,) is no argument against the construction adopted. There is no reason why a resident of another state should contract bills to creditors resident here, and escape attachment against his just demands because he has a place of business within this city. But where honest debts are owing to the non-resident doing business here, there is some propriety in allowing him the same facilities to collect them that are allowed to residents of other counties of the state similarly situated. The one is to protect our own citizens against the frauds of non-residents; the other is to protect the non-resident against the frauds of residents here. The moneys collected by non-residents doing business here will, if honestly applied, be devoted to paying debts contracted here. If not so applied, the creditor resident here has his remedy by attachment against the non-resident, and his place of business will not protect him from the writ. We cannot discover anything unreasonable or illogical in all this, and it may be that such was the legislative impression. At all events, this is the legal result of what has been done. It is quite competent for the legislature to give a person a constructive residence in one place for specified purposes, leaving his domicile unaffected as to others. The act was therefore a legal exercise of legislative power. The costs awarded against an unsuccessful plaintiff are, as a rule, not large, but comparatively small, and the probability of collecting them might be equally as good from a Jersey-man doing business here as from a resident of an interior or remote county of this state doing a like business. For this one purpose of suing, both are made constructive residents of this city. But we need not search studiously for the

motives that led to the law.  It is on the statute-book, is plain and unambig-
uous, and must be enforced.  For these reasons the order appealed from must
be reversed, with costs.