THE KOKOMO STRAW BOARD COMPANY, Respondent, *v.*
LOUIS SACHS, Appellant.

*Supreme Court, Fifth Department, General Term, October* 19, 1889.

*Costs.  Security.*—The court may, upon the recovery of a judgment for the
plaintiff, order the return to him of a sum deposited as security for
costs, though the defendant has appealed from the judgment.

Appeal from an order of the Monroe special term of May,
1889, directing the treasurer of that county to pay to the plaint-
iff the sum of $250, previously deposited with such treasurer
in pursuance of an order of this court as security for costs in
this action.

*George F. Yeoman*, for respondent.

*H. G. Danforth*, for appellant.

MACOMBER, J.—This action, which was upon a contract
for goods sold and delivered by the plaintiff to the defend-
ant, has been tried before a referee in pursuance of a
stipulation, and has resulted in a judgment in favor of the
plaintiff.  An appeal has been taken to the general term
from such judgment, and the affidavit in behalf of the appel-
lant states that the same was taken in good faith.  Neither
the pleadings, nor the proceedings before the referee, nor
the findings and judgment, have been laid before us.

The affidavit of the appellant, under these circumstances,
cannot be deemed sufficient to defeat the strong legal pre-
sumption which arises in favor of the validity and correct-
ness of the judgment.

The application to the special term was addressed to its
sound discretion, and we are unable to say, from the papers
before us, that there has been any abuse of such discretion.

The deposit belongs, not to the defendant, but to the party who placed it in the hands of the treasurer, and it ought not longer to be withheld by this court from its owner, inasmuch as the condition upon which it was so deposited has been satisfied by the recovery of a judgment by the plaintiff upon its demand.

The order should be affirmed, with ten dollars costs and disbursements.

DWIGHT, J., concurs.

---

### NOTE ON " SECURITY FOR COSTS."

An order granting or denying a motion to require security for costs is discretionary.  Teel *v.* Yost, 56 Supr. 456.

As to when the court may order additional security for costs, see Reck *v.* P. I. Co., 53 Hun, 630.

Security for costs cannot be required in courts not of record.  Loughrill *v.* Downey, 27 N. Y. St. Rep. 51.

Court of common pleas cannot require security for costs on the ground of plaintiff's non-residence, in an action removed to it from a district court. Hames *v.* Judd, 18 Civ. Pro. 324.  But such security may be required as a condition to awarding a commission to the plaintiff.  Same *v.* Same, Id. 327.

Security for costs may be imposed, in a proper case, on the allowance of a commission to take testimony.  Hames *v.* Judd, 16 Daly, 110.

The county judge has no authority to require a non-resident plaintiff to file security for costs in a supreme court action.  Longstreet *v.* Sawyer, 39 N. Y. St. Rep. 693.

The court can, under § 3272 of Code, require plaintiff to give security for costs only in the sum of $250, or deposit that amount, so far as the original application is concerned.  Gates *v.* McDonald, 60 Hun, 583.

An order permitting the substitution of other security for costs allows a deposit of money instead of a new undertaking.  Winchester *v.* Browne, 54 Hun, 636–8.

Security for costs should be returned to the plaintiff, if successful, though the defendant has appealed from the judgment.  Kokomo S. B. Co. *v.* Sachs, 54 Hun, 635.

As to when security for costs should be required in actions by administrators, see Caccavo *v.* R., W. & O. R. R. Co., 36 N. Y. St. Rep. 932.

The court may, on proper terms, permit the plaintiff, on a motion to dismiss the complaint for a failure to furnish the required security for costs, to furnish it, though a motion to vacate the order for security had been denied.  Winchester *v.* Browne, 51 Hun, 284.

After a failure to give security for costs for more than eight years, a refusal to permit a compliance with the order is proper. Lyon *v.* Park, 111 N. Y. 350.

Defendants, who have appeared separately, cannot each require an undertaking from a non-resident plaintiff to secure costs. Rothschild *v.* Wilson, 24 Abb. N. C. 123. Where the undertaking is correct in form, but has been filed voluntarily without leave of the court and without giving the other party an opportunity to be heard as to its amount, the court will not, on defendant's motion for security, approve such undertaking. Id. But leave will be given to plaintiff to apply for leave to file such an undertaking. Id.

In Fagan *v.* Strong, 19 Civ. Pro. 88, an application under § 3271 of the Code was denied for laches.

A non-resident of the state, who has an office for the transaction of business in the city of New York, is not required to file security for costs in an action brought by him in the city court of New York. Beebe *v.* Parker, 22 Abb. N. C. 445; 16 Civ. Pro. 320.

An executor appointed by a court of this state, cannot, merely because of his non-residence, be required to give security for costs in a suit brought by him. McDougal *v.* Gray, 15 Civ. Pro. 237.

A party, who sues as executor and also in his individual right, cannot be required to give security for costs, unless the case is such that he could be required to do so if suing only as an executor. McDougal *v.* Gray, 15 Civ. Pro. 237.

A motion for security on the ground that the plaintiff has removed from the state since the commencement of the action will be denied, where there has been an unexplained delay in moving. Abell *v.* Bradner, 15 Civ. Pro. 241; also where an interlocutory judgment has been entered in favor of the plaintiff. Id.

Where the defendant delayed moving until the day of serving his answer which was twenty days after the service of the complaint, and the main issue to be tried appeared to be a question arising under the statute of limitations, an application for security for costs was denied in the discretion of the court. Teal *v.* Yost, 16 Civ. Pro. 367.

Where a motion is not made until there have been three trials of the action, the first two resulting in disagreements of the jury and the third in the dismissal of the complaint, an application for security is properly denied for the defendant's delay. Wolff *v.* Houston, etc., R. R. Co., 16 Civ. Pro. 107.

The right to require security for costs is purely a creation of the statute. Republic of Honduras *v.* Soto, 112 N. Y. 310. The authority therefor must be found in the statute, otherwise it does not exist. Id.

A foreign, independent state, suing as a plaintiff in the courts of this state, may be required to furnish security for costs as a non-resident under § 3268 of the Code. Repub. of Honduras *v.* Soto, 112 N. Y. 310.

The provision of § 3276 of the Code only applies in cases where an undertaking has been given. Repub. of Honduras *v.* Soto, 112 N. Y. 310.

It is not applicable in cases where a deposit has been made in lieu of an undertaking. Id.

An order for further security cannot be made where the plaintiff has made a deposit in lieu of an undertaking, though there have been intermediate orders requiring an undertaking which have never been complied with. Newhall *v.* Appleton, 57 Supr. 54.

Where the plaintiff has obtained a verdict for a large amount, but no judgment has been entered thereon, and the trial judge has directed the exceptions to be heard in the first instance at general term, an order by the special term, requiring additional security to be filed by plaintiff for costs, will not be interfered with. Reck *v.* Phœnix Ins. Co., 53 Hun, 630.

A defendant is entitled to security for costs from a non-resident plaintiff. Churchman *v.* Merritt, 50 Hun, 270. Where the application is made with diligence, the court has no discretion as to requiring it. Id.

An absolute order for security may be made without notice. Churchman *v.* Merritt, 50 Hun, 270. The more judicious mode of proceeding is, *it seems*, to require the order to be made either upon notice or a preceding order to show cause. Id.

Where the complaint is dismissed by reason of the failure of plaintiff to furnish security for costs, a further provision of the order directing a reference to take proof of defendant's counterclaim, is unauthorized. Hinman *v.* Pierce, 50 Hun, 209. This is so especially where, by reason of his proceedings being stayed, the plaintiff is prevented from litigating such counterclaim. Id.

A resident ancillary administrator does not come within the meaning of § 3268 of the Code. Fessenden *v.* Blanchard, 48 Hun, 350.

An administrator will not be required to file security for costs simply because his estate has no fund except the claim in litigation, though the administrator is the only next of kin of the deceased. Wassinger *v.* Fentnell, 13 Civ. Pro. 286.

A receiver appointed in proceedings supplementary to execution may, in the discretion of the court, be required to give security for costs. Gifford *v.* Rising, 48 Hun, 128.

A foreign corporation, though it has an office for the regular transaction of business in the city of New York, may be required to furnish security for the costs of an action brought by it in the New York city courts. F. A. Kennedy Co. *v.* McCormick, 15 Civ. Pro. 239. The exception contained in § 3160 of the Code only applies in favor of natural persons. Id.

A foreign corporation, prosecuting an action in the name of itself and the sheriff, in aid of an attachment issued to said sheriff at its instance, may be required to furnish security for costs. Grant *v.* Crittendon, 13 Civ. Pro. 123.

An application for security for costs under § 3271 of the Code cannot be regularly made *ex parte*. Swift *v.* Wheeler, 46 Hun, 580. If it has been so made, the order should be vacated on motion. Id.

Where the defendant delays to move until he has answered, and does not show upon his application that the fact of plaintiff's non-residence was

not known to him at that time, his application for security will be vacated. Stevenson *v.* N. Y., L. E. & W. R. R. Co., 14 Civ. Pro. 384.

In Wood *v.* Blodgett, 49 Hun, 64, an *ex parte* order for security under § 3272 of the Code was sustained. Where the application is made after judgment, the security should be limited to costs thereafter to accrue. Yet it seems upon an application on notice, the court in its discretion may require security for the entire costs of the action. Id.

An order requiring plaintiff to give security for costs may be made after judgment dismissing the complaint, pending an appeal taken by the plaintiff. Gifford *v.* Rising, 48 Hun, 128. In such case the defendant is chargeable with laches so far as the proceedings prior to the judgment are concerned. Id.

The appeal may be treated as a new and independent proceeding, and security required only for the costs of such appeal. Id. The provision of § 3277 of the Code does not necessarily operate as a limitation upon the power of the court to require the plaintiff to give security. Id. The penalty there prescribed is applicable only to cases where the order and default are prior to judgment. Id. Whatever further remedy, if any, the defendant may have in such case, must rest in the practice of the court. Id.

Where it appears that the action has been tried and resulted in a judgment in plaintiff's favor, an order refusing to direct him to furnish additional security for costs is proper. Brackett *v.* Griswold, 46 Hun, 442.

The attorney's liability for costs upon failure to give security extends to an attorney who was substituted in place of the one who commenced the action for the non-resident. Renwick *v.* N. Y. C. C. Co., 55 Supr. 444.

The defendant's right to demand security for costs, under § 3268 of the Code, from a non-resident plaintiff, is absolute, unless he waives that right by laches. Sims *v.* Bonner, 42 N. Y. St. Rep. 10; Buckley *v.* Gutta-Percha. Co., 3 Civ. Pro. 428; Churchman *v.* Merritt, 50 Hun, 270; Wood *v.* Blodgett, 15 Civ. Pro. 114; Robertson *v.* Barnum, 29 Hun, 657; Healey *v.* Twenty-third St. R. R. Co., 1 Civ. Pro. 15; Abel *v.* Bradner, 15 Id. 241; Kleinpeter *v.* Enell, 2 Id. 21; Ryan *v.* Potter, 4 Id. 80. In such case, it becomes discretionary with the court to grant the motion upon defendant's satisfactory explanation of his delay. Id. There is no very well defined rule as to what constitutes laches in a case of this kind. Id. The court of appeals has held, in Gedney *v.* Purdy, 47 N. Y. 676, that the motion for security may be made at any time before trial. The majority of more recent decisions have held that the motion should be made before the answer was served. Stevenson *v.* N. Y., L. E. & W. R. R. Co., 14 Civ. Pro. 384; Robertson *v.* Barnum, 29 Hun, 657; Weber *v.* Moog, 12 Abb. N. C. 108. The doctrine is laid down in most of the recent authorities that the defendant must act promptly, or he waives his absolute right to security for costs under § 3268 of the Code, and it then becomes discretionary with the court to grant the motion. Id.; Hayes *v.* Second Ave. R. R. Co., 4 Civ. Pro. 84; Buckley *v.* Gutta-Percha Co., 3 Id. 428.

If the plaintiff is a non-resident at the commencement of the action, he is not excused from giving security for costs by subsequently becoming a

resident. Ambler v. Ambler, 8 Abb. 340. But where an action is begun by a non-resident, but additional plaintiffs, who are residents, are thereafter·brought in by order, the defendant is not entitled to security for costs. Sims v. Bonner, 42 N. Y. St. Rep. 10.

Where the plaintiff is an infant whose guardian *ad litem* has not given security for costs and he has not obtained leave to sue as a poor person, the defendant has a right to require security to be given. Murphy v. Man. Brass Co., 44 N. Y. St. Rep. 834.