By the Court.—Gildersleeve, J.
It is well settled that defendant’s right to demand security for costs, under section 3268 of the Code, from a non-resident plaintiff, is absolute, unless defendant waives that right by laches ; in which case it becomes discretionary with the court to grant the motion, upon defendant’s satisfactory explanation of his delay. See Buckley v. Gutta Percha Co., 3 Civ. Pro. R., 428; Churchman v. Merritt, 50 Hun, 270; Wood v Blodgett, 15 Civ. Pro. R., 114; Robertson v. Barnum, 29 Hun, 657; Healy v. The Twenty-third Street Railway Co., 1 Civ. Pro. R., 15; *64 Abel v. Bradner, 15 Ib., 241; Kleinpeter v. Enell, 2 Ib., 21; Ryan v. Potter, 4 Ib., 80. It has also been held that if the plaintiff was a non-resident at the commencement of the action, he is not excused from giving security for costs by subsequently becoming a resident. Ambler v. Ambler, 8 Abb., 340. In the present case, assuming the plaintiff Sims was a non-resident of the State at the time of the commencement of the action, of which there seems to be some doubt, was the defendant guilty of laches in making his motion for security ?
There is no very well defined rule as to what constitutes laches in a case of this kind. The Court of Appeals, some years ago, held that the motion for security for costs may be made at any time before trial. Gedney v. Purdy, 47 N. Y., 676; but the majority of more recent decisions have held that the motion should be made before the answer is served, Stevenson v. N. Y., L. E. & W. R. R. Co., 14 Civ. Pro. R., 384; Robertson v. Barnum, supra; May v. Power, 2 Edw., 294; Weber v. Moog, 12 Abb. N. C., 108. In most of the more recent authorities, the doctrine is laid down that the defendant must act promptly, or he waives his absolute right to security for costs under section 3268 of the Code, and it then becomes discretionary with the court to grant the motion. Hayes v. The Second Avenue R. R. Co., 4 Civ. Pro. R., 84; Buckley v. Gutta Percha Co., supra, and cases above cited. In the case under consideration, the summons was served on December 19, 1890 ; the defendants appeared on January 7, 1891; the time to serve the complaint was extended from time to time until it was finally served on May 9, 1891, and the defendants’ time to answer was extended to August 1,1891. The order to show cause why security for costs should not be given was obtained on July 24,1891, and the motion was finally argued on August 7, 1891. We find no claim that defendant was not aware of the fact, if fact it be, that the plaintiff was non-resident from the *65 very first. Under these circumstances, the defendant forfeited his absolute right, and it became discretionary with the court to grant the motion.
The addition of two, presumably resident, plaintiffs, also affects adversely the defendants’ claim. The action was commenced in the name of George Y. Sims alone, who, as the defendant insists, was then a non-resident; subsequently, on April 13, an order was entered making Gulliver and Ellen T. Sims additional plaintiffs, both of whom, in the absence of any claim to the contrary, must be presumed to be residents. Fisher v. Charter Oak Co., 14 Abb. N. C., 32; afterwards, and on July 24, the defendant makes his motion for security. There were then at least two resident plaintiffs, and the defendant must take the case as it stood when he made his motion. Consequently, under section 3270 of the Code, he was not entitled to the security demanded.
For the reasons above indicated, the order appealed from is affirmed, with costs.
Freedman, P. J., and McAdam, JJ., concurred.