(23 Misc. Rep. 122.)

### TITUS SHEARD CO. v. MORRISSEY.

(Supreme Court, Appellate Term. March 28, 1898.)

1. NONRESIDENT CORPORATION—ISSUE OF SUMMONS.
   A domestic corporation having its place of business elsewhere than in New York City is a nonresident, within the meaning of the statute regulating the issuing of a summons in the municipal court of the city of New York, borough of Manhattan.

2. SAME—SECURITY FOR COSTS.
   Sections 1298 and 1299 of the consolidation act (Laws 1882, c. 410), which are still in force (Greater New York Charter, § 1369), afford nonresident plaintiffs the right to elect that a short summons should be issued in their favor, on giving security for costs, and only require such security in case of such election.

Appeal from municipal court of city of New York.

Action by Titus Sheard Company against Edward F. Morrissey. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Charles R. La Rue, for appellant.
Robert McMahon, for respondent.

BEEKMAN, P. J. The plaintiff is a domestic corporation, having its place of business at Little Falls, in this state, and is therefore a nonresident of the county of New York, within the meaning of the statute which regulated the issuing of the summons in the court below. Upon the trial, the justice dismissed the complaint, solely upon the ground that the plaintiff, being a nonresident of the county, should have given security for costs. This ruling proceeded upon the assumption that the plaintiff was bound to take out a short summons, in which event such security was necessary. N. Y. City Consol. Act, § 1299. The summons which was issued, however, was what is known as a "long summons";· and the contention of the appellant is that it was optional with him to commence his action by either a long or a short summons, and, having elected to sue out the former, he was obliged to give security for costs. There can be no doubt of the correctness of this claim, which has been authoritatively settled by the general term of the court of common pleas in the case of Glass v. Place, 5 Daly, 110. It is true that the contrary had been previously held by the same court in Haulenbeck v. Gillies, 7 Abb. Prac. 421, and again in Dean v. Cannon, 1 Daly, 34;

but both of these cases were decided under chapter 344, Laws 1857, governing the matter, before its amendment by chapter 484, Laws 1862, and have been completely nullified by the amendatory act referred to. In Glass v. Place, supra, the court says (page 111):

"These provisions of the act, as thus amended, expressly afford nonresident plaintiffs the right to elect that a short summons should be issued in their favor, on giving security for costs, and only requires such security in case of such election."

There has been no subsequent change in the statute referred to, which is now embodied, in precisely the same language, in sections 1298 and 1299 of the consolidation act (Laws 1882, c. 410), which are still in force (Greater New York Charter, § 1369); nor has the construction given to it in the case of Glass v. Place, which was obviously correct, ever been questioned in any case since reported. As the judgment below was clearly erroneous, it should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.