### WILLSON v. EVELINE.

(Supreme Court, Appellate Division, Third Department.   March 17, 1899.)

1. SECURITY FOR COSTS—NONRESIDENT PLAINTIFF—LACHES.
    Defendant is not guilty of laches in applying for an order requiring a nonresident plaintiff to give security for costs, where she moves therefor as soon as she learns of plaintiff's nonresidence.

2. SAME—NOTICE.
    Defendant is not charged with notice that plaintiff was a nonresident by the fact that the complaint was verified by plaintiff's agent, and stated that the reason why it was not verified by plaintiff was because he was not then within the state.

Appeal from special term.

Action by Mordecai M. Willson, Jr., against Mary S. Eveline. From an order denying defendant's motion to require plaintiff to give security for costs, she appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. W. Atkinson, for appellant.
Thomas O'Connor, for respondent.

PER CURIAM.   The right of the defendant to require the plaintiff, a nonresident, to give security for costs, was absolute (Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304; Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843), unless waived by laches.   The defendant moved as soon as she learned of the nonresidence.   The fact that in the verification of the complaint made by the agent of the plaintiff it is stated "that the reason why this verification is not made by the plaintiff is that said plaintiff is not now within the county of Saratoga, nor within the state of New York," does not give the defendant notice of the nonresidence of plaintiff, but rather that the absence of the plaintiff is temporary.   We think that the plaintiff was not guilty of laches, and was entitled to an order requiring the plaintiff to give security.                              .
Order reversed, with $10 costs and disbursements, and motion for security granted.