MORDECAI M. WILLSON, JR., Respondent, v. MARY S. EVELINE, Appellant.

*Security for costs — the right to require it of a non-resident plaintiff is absolute — what recital in the verification of a complaint is not notice that the plaintiff is a non-resident.*

The right of a defendant to require a non-resident plaintiff to give security for costs is absolute, unless waived by *laches.*

A recital in the verification of a complaint " that the reason why this verification is not made by the plaintiff is that said plaintiff is not now within the county of Saratoga nor within the State of New York," does not give the defendant notice of the plaintiff's non-residence, the inference being that the plaintiff's absence was temporary.

APPEAL by the defendant, Mary S. Eveline, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 23d day of January, 1899, denying the defendant's motion for an order requiring the plaintiff to give security for costs.

*J. W. Atkinson,* for the appellant.

*Thomas O'Connor,* for the respondent.

PER CURIAM:

The right of the defendant to require the plaintiff, a non-resident, to give security for costs is absolute (*Wood* v. *Blodgett,* 49 Hun, 64; *Churchman* v. *Merritt,* 50 id. 270), unless waived by *laches.* The defendant moved as soon as she learned of the non-residence. The fact that, in the verification of the complaint made by the agent of the plaintiff, it is stated " that the reason why this verification is not made by the plaintiff is that said plaintiff is not now within the county of Saratoga nor within the State of New York," does not give the defendant notice of the non-residence of the plaintiff, but rather that the absence of the plaintiff is temporary.

We think that the plaintiff was not guilty of *laches* and was entitled to an order requiring the plaintiff to give security.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for security granted.