WINKLEY CO. v. BOWEN MFG. CO. et al.

(Circuit Court, N. D. New York. July 25, 1910.)

1. COURTS (§ 357*)—SECURITY FOR COSTS—FEDERAL COURTS.

A motion for security for costs in a federal court sitting in the Northern District of New York is governed by the provisions of Code Civ. Proc. N. Y. § 3268, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. COSTS (§ 136*)—SECURITY FOR COSTS—LACHES.

Where a bill showed on its face that complainant was a nonresident and that defendant was entitled to security for costs, but no application was made therefor until some 18 months after issue joined, nor until after defendant had been taking proof for 8 months, to rebut plaintiff's prima facie case, defendant's right to security was waived by laches.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 531–536; Dec. Dig. § 136.*]

Action by the Winkley Company against the Bowen Manufacturing Company and another. Motion to compel the complainant to give security for costs. Denied.

Parsons, Hall & Bodell, for the motion.
Offield, Towle, Graves & Offield, opposed.

RAY, District Judge. This cause—suit in equity for alleged infringement of a patent—has been at issue some 18 months, and for some 8 months the defendant has been taking proofs in answer to complainant's prima facie case. Many motions for extensions of time to take such proofs have been made, and now, when complainant has fixed a time in July when it will take proofs, the defendant makes this motion, and asks security in the sum of $2,500, with securities in New York state and a stay until such security is given. There is no pretense that the complainant is insolvent or unable to pay any judgment against it in case the bill is dismissed. The bill shows on its face that complainant is a nonresident of the state of New York, and was when the suit was commenced. The defendant has no new information bearing on the question whether complainant should file security for costs. I think this application comes too late, and that defendant should be held to have waived security for costs. In this district the matter is regulated by the provisions of the New York Code of Civil Procedure (section 3268, etc). See opinion Coxe, District Judge,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hugunin v. Thatcher (C. C.) 18 Fed. 105; rule 4, Circuit Court; rule 64, District Court; Conkl. Treat. (5th Ed.) 468; Lyman Vent. Co. v. Southard, 12 Blatchf. 405, Fed. Cas. No. 8,633.

The defendant is entitled to security for costs in the sum of $250 as a matter of right when not guilty of laches in applying therefor. See cases cited by Coxe, District Judge (now Circuit Judge), in above case, and Willson v. Eveline, 39 App. Div. 129, 56 N. Y. Supp. 632; Sims v. Bonner (Super. N. Y.) 16 N. Y. Supp. 800. In this case the defendant claims it has now incurred expenses to the amount of $2,500, not giving the items however, which are taxable in case the bill is dismissed. If the defendant had seasonably applied for security perhaps the complainant would not have pressed the suit. I think it incumbent on a defendant who desires security for costs of a nonresident complainant to move seasonably after being informed of the facts, and that if he does not he is deemed to have waived or lost the right. To now grant this motion would prejudice the complainant by delaying the taking of proofs. In Willson v. Eveline, supra, the court said:

"The right of the defendant to require the plaintiff, a nonresident, to give security for costs is absolute (Wood v. Blodgett, 49 Hun, 64 [2 N. Y. Supp. 304]; Churchman v. Merritt, 50 Hun, 270 [2 N. Y. Supp. 843]), unless waived by laches."

The other cases cited hold the same, and such is the rule in this district. It seems to me that a delay of 18 months and until defendants' proofs are completed in making the application is laches if anything can be so considered.

Motion denied.