416

## LEAKE v. NEW YORK CENT. R. CO.

District Court, N. D. New York.
Jan. 26, 1939.

James Gibson, of Albany, N. Y. (Clarence B. Des Jardins, of Washington, D. C., of counsel), for plaintiff.

Whalen, McNamee, Creble & Nichols, of Albany, N. Y. (Melvin H. Coulston, of Washington, D. C., of counsel), for defendant.

COOPER, District Judge.

This is a motion by the defendant to compel the plaintiff to give security for costs.

It appears by the complaint that the plaintiff is a resident of Virginia and defendant is a resident of this district.

It is conceded that the new civil practice rules of the Federal Court, 28 U.S.C.A. following section 723c, do not cover the matter of requiring non resident plaintiffs to give security for costs.

It appears, however, that such has long been the practice in equity cases in the Federal Court. It was so held in Winkley Co. v. Bowen Mfg. Company et al., C.C. N.Y., 180 F. 624; also, Karns v. W. L. Imlay R. C. P. Co. et al., C.C., 181 F. 751; Long et al. v. Stites et al., 6 Cir., 63 F. 2d 855, 858, certiorari denied, 290 U.S. 640, 54 S.Ct. 59, 78 L.Ed. 556.

This Court accepts these authorities and finds that defendant is entitled to se-

curity for costs in the sum of $250 the amount asked for.

Nothing is suggested indicating that there has been delay, laches or expenses incurred by the plaintiff since the beginning of this action as to deny application for security of costs made at this time.

In the first two cases above cited security of costs was denied, although the power to give security of costs was affirmed.

An order may be entered requiring the plaintiff to give security of costs in the sum of Two Hundred and Fifty Dollars ($250). Cash to be deposited with the Clerk of the Court may be accepted in lieu of Bond.