HAY v. POWER and another.

---

A defendant who has obtained an order for a non-resident complainant to give security for costs, should move to dismiss the bill where delay arises in giving the security ; and not continue, on his part, by putting in answer and placing the cause on the calendar: for this will be virtually waiving his order for costs and debar him from the motion to dismiss.

---

*Sept.* 14, 1835.

*Plea.
Practice.
Waiver of
the effect of
an order.*

Complainant was a non-resident ; and an order was obtained by the defendants requiring security for costs and that all proceedings on his part in the meantime be stayed. This did not stay the defendants, and they put in their answer, and placed the cause upon the calendar on bill and answer, refusing to receive a replication. The defendants now moved to dismiss the bill, on the ground of the order for security for costs not having been complied with—this order was obtained on the ninth day of December one thousand eight hundred and thirty-four.

Mr. *J. Blunt*, for the motion.

Mr. *F. Dibblee*, in opposition.

THE VICE-CHANCELLOR :—I consider the setting down of the cause by the defendants a waiver, in effect, of the order for security. If the defendants had wished to have the benefit of that order, he should have moved to dismiss for non-compliance with it without setting down the case for hearing upon the merits. The former course would have been proper : *Camac* v. *Grant*, 1 Sim. 348. There was no condition or proviso in his notice of hearing to save to himself the benefit of the order. The calendar, upon which the cause stands, has been called and thus the defendant has had an opportunity of bringing on the cause according to his notice and cannot complain of delay

1835.

on this score. The cases most analagous on the subject of waiver are *Morgan v. Morgan*, 1 Atk. 53 ; *Hall v. Chapman*, Dick. 348 ; *Dixon v. Olmins*, 1 Cox, 412, and *Hoskins v. Lloyd*, 1 S. & S. 393.

The motion must be denied, but the costs may abide the event of the suit.