SIMS *et al. v.* BONNER *et al.*

(*Superior Court of New York City, General Term.* December 14, 1891.)

1. SECURITY FOR COSTS—DISCRETION OF COURT.
   The right of defendant to demand security for costs from a non-resident plain-
   tiff (Code Civil Proc. § 3268) is absolute, unless waived by laches, in which case the
   court may exercise its discretion in granting the motion.

2. SAME—EVIDENCE.
   Summons in an action by a non-resident was served December 19, 1890; defend-
   ants appeared January 7, 1891; complaint was served May 9, 1891; time to answer
   extended to August 1, 1891; and an order to show cause why security for costs
   should not be given was obtained July 24, 1891. It did not appear but that defend-
   ants, from the first, were aware of plaintiff's non-residence. *Held,* that defendants
   had forfeited their absolute right to demand security for costs.

3. SAME—ADDITION OF RESIDENT PLAINTIFF.
   Defendants having moved for security for costs after the addition of resident
   plaintiffs, the motion was properly denied, under Code Civil Proc. § 3270, which
   provides that, "if there are two or more plaintiffs, defendant cannot require secu-
   rity for costs to be given unless he is entitled to require it of all the plaintiffs."

Appeal from special term.
Action by George V. Sims and another against Edward L. Bonner and
another. From an order denying a motion to compel plaintiffs to file security
for costs, defendants appeal. Affirmed.
Argued before FREEDMAN, MCADAM, and GILDERSLEEVE, JJ.
*Charles W. Gould,* for appellants. *Holmes & Adams,* for respondents.

GILDERSLEEVE, J. It is well settled that defendant's right to demand se-
curity for costs, under section 3268 of the Code, from a non-resident plaintiff,
is absolute, unless defendant waives that right by laches, in which case it
becomes discretionary with the court to grant the motion, upon defendant's
satisfactory explanation of his delay. See *Buckley* v. *Gutta-Percha Co.,* 3
Civil Proc. R. 428; *Churchman* v. *Merritt,* (Sup.) 2 N. Y. Supp. 843; *Wood*
v. *Blodgett,* Id. 304; *Robertson* v. *Barnum,* 29 Hun, 657; *Healy* v. *Railway
Co.,* 1 Civil Proc. R. 15; *Abell* v. *Bradner,* 3 N. Y. Supp. 20; *Kleinpeter* v.
*Enell,* 2 Civil Proc. R. 21; *Ryan* v. *Potter,* 4 Civil Proc. R. 80. It has also
been held that, if the plaintiff was a non-resident at the commencement of the
action, he is not excused from giving security for costs by subsequently becom-
ing a resident. See *Ambler* v. *Ambler,* 8 Abb. Pr. 340. In the present case,
assuming the plaintiff Sims was a non-resident of the state at the time of the
commencement of the action,—of which there seems to be some doubt,—were
the defendants guilty of laches in making their motion for security? There

is no very well defined rule as to what constitutes laches in a case of this kind. The court of appeals, some years ago, held that the motion for security for costs may be made at any time before trial, (see *Gedney* v. *Purdy*, 47 N. Y. 676;) but the majority of more recent decisions have held that the motion should be made before the answer is served, (see *Stevenson* v. *Railroad Co.*, 14 Civil Proc. R. 384; *Robertson* v. *Barnum*, 29 Hun, 657; *Hay* v. *Power*, 2 Edw. Ch. 494; *Weber* v. *Moog*, 12 Abb. N. C. 108.) In most of the more recent authorities, the doctrine is laid down that the defendant must act promptly, or he waives his absolute right to security for costs, under section 3268 of the Code, and it then becomes discretionary with the court to grant the motion. See *Hayes* v. *Railroad Co.*, 4 Civil Proc. R. 84; *Buckley* v. *Gutta-Percha Co.*, 3 Civil Proc. R. 428, and cases above cited. In the case under consideration the summons was served on December 19, 1890; the defendants appeared on January 7, 1891; the time to serve the complaint was extended from time to time until it was finally served on May 9, 1891; and the defendants' time to answer was extended to August 1, 1891. The order to show cause why security for costs should not be given was obtained on July 24, 1891, and the motion was finally argued on August 7, 1891. We find no claim that defendants were not aware of the fact, if fact it be, that the plaintiff was a non-resident from the very first. Under these circumstances, the defendants forfeited their absolute right, and it became discretionary with the court to grant the motion.

The addition of two, presumably resident, plaintiffs affects adversely the defendants' claim. The action was commenced in the name of George V. Sims alone, who, as the defendants insist, was then a non-resident. Subsequently, on April 13th, an order was entered making Gulliver and Ellen T. Sims additional plaintiffs, both of whom, in the absence of any claim to the contrary, must be presumed to be residents. See *Fisher* v. *Charter Oak Co.*, 14 Abb. N. C. 32. Afterwards, and on July 24th, the defendants made their motion for security. There were then at least two resident plaintiffs, and the defendants must take the case as it stood when they made their motion. Consequently, under section 3270 of the Code,[1] they were not entitled to the security demanded. For the reasons above indicated the order appealed from is affirmed, with costs. All concur.

[1] Code Civil Proc. N. Y. 3270, provides, with respect to motions for security for costs, that, "if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs."