(45 Misc. Rep. 106)

### MacGINNISS v. AMALGAMATED COPPER CO. et al.

(Supreme Court, Special Term, New York County.    October, 1904.)

1. FOREIGN CORPORATIONS—ACTIONS AGAINST.
   Code Civ. Proc. § 1780, relating to actions against a foreign corporation by a resident in the state or a domestic corporation, does not relate to the cause of action, but merely to the jurisdiction of the court; and, where it does not appear on the face of the petition that the action is not allowed by such section, an objection based thereon will not be maintained.

2. SAME—PRESUMPTIONS.
   On review by a demurrer to an action against a foreign corporation, it will be presumed, for the purposes of the sufficiency of the complaint, that plaintiff is a resident of the state, and therefore competent to bring the action.

3. SAME—ACTION BY STOCKHOLDER.
   In an action against a foreign corporation, a complaint alleging that the officers of the corporation of which plaintiff is a stockholder entered into a conspiracy whereby another corporation was organized, which purchased a majority of the stock of the corporation of which plaintiff was a stockholder, and of other corporations, whereby the consolidated corporation controls the election of officers of the subsidiary companies, and that such officers are parties to the alleged conspiracy, and controlling the business of the company of which plaintiff is a stockholder, and asking for relief, but alleging no fact sufficient to warrant the conclusion of law that defendants have entered into a conspiracy, does not state a cause of action.

Action by John MacGinniss against the Amalgamated Copper Company and others. Demurrer to complaint. Sustained.

Franklin Bien, for plaintiff.
Shearman & Sterling, for defendants.

BLANCHARD, J.   The defendant the Amalgamated Copper Company demurs to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action against said company; also upon the further ground that causes of action have been improperly joined. The defendants' counsel contends that the complaint does not state a cause of action under section 1780 of the Code of Civil Procedure. That section does not relate to a cause of action, but merely to the jurisdiction of the court to entertain the action. Unless it appears on the face of the complaint that the action is one not permitted by this section of the Code, an objection under the section

will be unavailing on demurrer. Brown v. Travellers' Life Ins. Co., 21 App. Div. 42, 47 N. Y. Supp. 253.

Nor can I sustain the contention of the defendants' counsel that this action is brought by the plaintiff on behalf of the foreign corporations of which plaintiff is a stockholder. It will be assumed, for the purposes of the sufficiency of the complaint, that the plaintiff is a resident of the state, and therefore competent to bring the action. Sims v. Bonner (Super. Ct. N. Y.) 16 N. Y. Supp. 800. The plaintiff recites in his complaint various acts of the defendants which he claims were done to carry into effect a conspiracy entered into by the officers and directors of the Amalgamated Copper Company and by the other defendant corporations to defeat and impair the rights of the plaintiff and others who are stockholders of certain of said corporations. The plaintiff therefore brings this action on his own behalf, and on behalf of the other stockholders, similarly situated, to secure redress for the wrongs which he claims to have suffered through the alleged unlawful conduct of the defendant corporations. Such an action is certainly not for the benefit of the defendants, who are themselves the wrongdoers. Polhemus v. Polhemus, 43 Misc. Rep. 141, 88 N. Y. Supp. 273.

But I am of the opinion that the complaint does not state facts sufficient to constitute a cause of action against the demurrant. The burden of the plaintiff's complaint is that the officers of the defendant the Parrott Silver & Copper Company, of which plaintiff is a stockholder, entered into a conspiracy with certain individuals to form a monopoly and unlawful combination to control the production and sale of copper and other metals, and that it was proposed by the alleged conspirators to effect their unlawful purpose by purchasing a controlling interest in the stock of the said Parrott Company, and of other companies engaged in the business of the mining and production of copper and other metals, and thus to control the management and business of these subsidiary companies. The plaintiff further alleges that, as a result of this conspiracy, the demurring defendant, the Amalgamated Copper Company, was organized under the laws of the state of New Jersey, and that thereupon the Amalgamated Company purchased a majority of the stock of the defendant the Parrott Company and of the defendant the Anaconda Copper Company, of which plaintiff is also a stockholder, and of other corporations, and that by reason of such purchase of stock the Amalgamated Company now controls the election of officers and trustees of the subsidiary companies, and that such officers and trustees are parties to the alleged conspiracy, and are, through the Amalgamated Company, managing and controlling the business of said company. Other allegations are to the effect that the other defendants are controlled by the Amalgamated Company, and are working in its interests and under its direction, in furtherance of the unlawful purposes of the alleged conspiracy. This, I think, is a fair summary of the scope of the allegations of the complaint, which covers over 300 folios of printed matter. The plaintiff, for relief, asks for an injunction restraining the continuance of the acts complained of, and for an accounting by the defendants in respect to those acts. I find no facts alleged in the complaint sufficient to warrant the conclusion of law that the defendants have entered into any conspiracy. The Amalgamated Company was organized under the laws of the state of New Jersey, and it does not ap-

pear that its charter has been forfeited or impaired, nor that it was organized for a purpose repugnant to the laws of this state or of the state of New Jersey. As was stated in United States Vinegar Co. v. Schlegel, 143 N. Y. 537, 542, 38 N. E. 729, 730:

"That state must be left to vindicate its own honor and dignity. If it be true that its authority has been invoked and its laws abused for the purpose of creating and fostering a corporation that is detrimental to public interests, it has ample power at any time to proceed against it and decree its dissolution. But so long as the plaintiff exists and is recognized by the courts and authorities of that state, it is entitled to the same recognition here, unless it appears that it was formed, for purposes illegal here, or was doing acts prohibited by the laws of this state to its own citizens and corporations."

It does not appear that the demurring defendant has committed any act upon which the plaintiff's charge of conspiracy can properly be predicated. He alleges that the dividends of the subsidiary companies are being paid to, and distributed by, the Amalgamated Company; that the Parrott Company's plant is being permitted to go unworked, and to become dilapidated and wasted; that the Parrott Company's stock is depreciating in value; that the Anaconda Company has paid to the Amalgamated Company $7,000,000, which should have been distributed as dividends to the plaintiff and other stockholders of the Anaconda Company; also some other allegations describing acts on the part of one or another of the defendants of which the plaintiff complains. These allegations of acts of some or all of the defendants may be strictly true, and yet they are not sufficient to raise the presumption of law that the demurring defendant has entered into any conspiracy against the plaintiff or other stockholders of the subsidiary companies. No facts are alleged showing fraudulent conduct or fraudulent intent on the part of the demurrant, or of its officers and directors. It is just as logical to assume that the defendants were actuated by proper as by improper motives, where no specific facts are stated showing that they had an actually wrongful intent, and acted for a wrongful purpose. Fraud is a legal conclusion based upon competent facts. Knapp v. City of Brooklyn, 97 N. Y. 520; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636. A court of equity cannot regard a mere charge that acts are fraudulent, unless the transactions to which the acts relate constitute fraud. Van Weel v. Winston, 115 U. S. 228, 6 Sup. Ct. 22, 29 L. Ed. 384. Even though it should be conceded that the Amalgamated Copper Company was organized for the real purpose of preventing competition in the mining and production of copper and other metals, still it does not seem that this of itself would render the operations of the company illegal, so long as its charter remains unimpaired. United States Vinegar Co. v. Foehrenbach, 148 N. Y. 58, 42 N. E. 403.

I have patiently investigated this voluminous and complicated complaint, and am convinced that no cause of action is stated against the demurring defendant. The demurrer must be sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint within 20 days on payment of costs.