(45 Misc. Rep. 180)

JACOBS v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. FOREIGN CORPORATIONS—ACTION BY STOCKHOLDER.

    A stockholder of a foreign corporation brought an action against it in his own behalf and on behalf of all other stockholders similarly situated. The complaint alleged that the officers of the corporation destroyed a valuable asset of the corporation by fraudulently attempting to cancel a lease. *Held* not an action against the corporation prohibited by Code Civ. Proc. § 1780.

Action by Solomon R. Jacobs against the Mexican Sugar Refining Company, Limited, and the Mexican Sugar Company. Demurrer to complaint overruled.

See 89 N. Y. Supp. 1000.

  N. Bijur, for plaintiff.
  A. B. Fletcher, for defendants.

BLANCHARD, J. In this action the plaintiff seeks to recover a judgment to the effect that an attempted cancellation by the defendant the Mexican Sugar Refining Company of a certain lease made by it of a sugar plantation in Mexico be declared null and void. The defendant the Mexican Sugar Company is interested in the said demised property through an assignment of the lease to it. This action is not brought by the plaintiff on behalf of the defendant the Mexican Sugar Company, a foreign corporation, of which he is a stockholder, but it is brought by him on behalf of himself and of other stockholders similarly situated to secure relief from certain alleged fraudulent acts of the officers and directors of the corporation who manage and control it. The plaintiff contends that these officers and directors have fraudulently attempted to cancel the lease in question, and thus to destroy a valuable asset of the corporation of which he is a stockholder. Such an action is not brought for the benefit of the corporation, which is itself, through its officers and directors, the wrongdoer. See MacGinniss v. Amalgamated Copper Co., 45 Misc. Rep. 106, 91 N. Y. Supp. 591. Therefore this action is not one prohibited by the provisions of section 1780 of the Code of Civil Procedure. The court has jurisdiction of the parties to the action and of the subject of the action. If the plaintiff succeeds in securing the relief he seeks by a judgment of

this court, I can see no lack of power in this court to enforce its judgment if the parties against whom it is directed come into the territory in which the court has the jurisdiction to make its power felt. However this may be, the terms of the demurrer do not raise the question, for it objects only that the court has not jurisdiction of the subject-matter. The demurrer should be overruled, with costs, with leave to the defendant to serve an answer within 20 days on payment of costs.

Demurrer overruled, with costs, with leave to defendant to serve an answer within 20 days on payment of costs.