WILLIAM B. REED

v.

BENZINE-ATED SOAP COMPANY et al.

[Submitted March 5th, 1907. Decided March 8th, 1907.]

1. An answer by way of cross-bill, filed under chancery rule 206, is a pleading in the original cause, and costs taxed thereon are costs for which the solicitor filing a bill for a non-resident complainant is responsible, if the complainant has not given the security required by the statute.

2. The power to hold a solicitor for costs, when the complainant is a non-resident, is purely statutory, and will only be enforced where the complainant is required to give security, and if the right to such security is waived, as to the complainant, by the defendant, the waiver inures to the benefit of the solicitor.

3. If the defendant proceeds with the cause on his own behalf after obtaining an order requiring the complainant to give security, it amounts to a waiver of the right to security.

On application for order requiring solicitor to pay costs.

*Mr. William T. Reed,* for the applicant.

*Mr. Thomas B. Hall,* for the respondent.

BERGEN, V. C.

This is an application for a rule requiring ·the solicitor of the complainant to pay costs adjudged to the applicants, upon the ground that security for costs was not filed by the complainant, 'a non-resident, before the issuing of process, as required by section 8 of "An act respecting the court of chancery." *Rev. 1902; P. L. 1902 p. 540.*

The bill of complaint was filed February 25th, 1905, charging that the complainant was a stockholder and one of the officers of the defendant corporation; that complainant, Oliver Smith and Alfred Lowry constituted all the officers and stockholders of the corporation, and that the latter were undertaking to improperly

dissolve the corporation, refusing complainant access to its books, and concealing from him the status of the company. The prayer was that Smith and Lowry should exhibit such books to the complainant, and, until they had done so, be restrained from further steps having for their object such dissolution.

The defendants answered, denying that they had refused complainant a proper examination of the books, or that the intention to dissolve was fraudulent, and charged that the company was largely involved, and that its business could not be conducted at a profit. The defendants then, answering by way of cross-bill, charged that they were induced by complainant to enter into a contract, under which the corporation was formed, by false representations made by the complainant as to the nature of the business intended to be carried on by the proposed company and the amount of profits to be made, with a prayer for process, and that the contract be declared void, the complainant's stock transferred to them, and that it be decreed that the complainant was not a stockholder.

No further proceedings were taken under the original bill, but the process prayed for under the cross-bill was duly issued and served upon the complainant, who has not answered. Thereupon, in due time, a decree *pro confesso* was entered against him and an order taken to bring on the hearing on the cross-bill *ex parte,* resulting in a decree for the defendants as prayed therein, and "that the complainant pay to the said cross-complainants the costs of this suit to be taxed." The answer and cross-bill were filed April 7th, 1905, and on May 9th following an order was made, on the application of the complainants in the cross-bill, requiring the complainant to file security for costs within ten days thereafter, "and that all proceedings in this cause be stayed until this order be complied with." The order never was complied with, notwithstanding which the complainants in the cross-bill proceeded thereunder to the final decree, as above mentioned. It was admitted by counsel that all of the costs now sought to be recovered were taxed on account of the proceedings under the cross-bill, and that the original cause remains undetermined, except so far as the decree on the cross-bill works that result.

The allowance of this order is resisted on several grounds, but it is only necessary to consider two of them, the first of which is that the complainant's solicitor is only responsible for the costs incurred in the suit brought by him, and that as a cross-bill is an affirmative act on the part of the defendants, in which proceeding no process is issued by the complainant, it is a separate proceeding not instituted by the solicitor on behalf of the complainant, and therefore the solicitor is only responsible to defendants for costs arising in the suit commenced for the complainant by the original bill on which process was issued. This objection has, in my judgment, no force under the practice established in this state. The statute of 1902 above referred to, section 87, makes it the duty of the chancellor from time to time to make such rules and orders to regulate practice and pleading as may, in his judgment, render the proceeding more efficient and simple, and prevent unnecessary costs and delay, and by virtue of that power the chancellor has, by rule 206, established the practice with relation to the use of a cross-bill as a pleading by way of answer. By that rule, when a defendant desires relief such as by the existing practice can only be obtained by a cross-bill, it is not necessary for him to file such bill, but he may set up in his answer the proper subject-matter of a cross-bill and obtain relief thereon. Of course, the matter set up by way of answer when affirmative relief is sought by the defendant must be the proper subject-matter of a cross-bill, but under this rule it is set up by way of answer. No process is necessary when, as in this case, the answer by way of cross-bill is exhibited against the complainant. It is to all intents and purposes an answer, and the liability for costs in such a case is cast upon the complainant, and if he be a non-resident, not having filed security, the solicitor who signed the original bill and issued the process for such non-resident complainant becomes responsible therefor under the statute. As was said in *Whyte.* v. *Arthur, 17 N. J. Eq. (2 C. E. Gr.) 521,* an original and cross-cause in chancery are for many purposes considered as one suit and ordinarily heard together, and the rights of all the parties in respect to the matters litigated are settled by one decree.

The second objection is that even if the solicitor was origi-

nally liable, the liability ceased when the defendants obtained the order of May 9th requiring the complainant to file security for costs within ten days and staying all proceedings until it was complied with, except the hearing of the motion for injunction, and directing that, on failure to file the security, application might be made to dismiss the bill of complaint, because the defendants, after the making of this order, did not stand upon it, but proceeded with the cause under their answer and cross-bill to a decree adjudging their rights thereunder. While the intention of the statute is not entirely clear, I interpret it to mean that if the solicitor of a non-resident complainant issues the initial process in the absence of a proper bond to secure the payment of costs, he assumes the liability, but that the defendant is not required to accept that indemnity, and may take proceedings to compel the complainant to execute a bond with sufficient surety, and prevent further proceedings on the part of the complainant until such bond be filed, and if not filed within the time appointed in the order, the bill shall be dismissed, with costs.

The power to hold a solicitor responsible for costs is purely statutory, and will only be enforced where the complainant can be required to give a bond, and if the right to security is waived as to the complainant by the defendant, the waiver inures to the benefit of the solicitor. The defendants in this cause declined the responsibility of the solicitor and obtained from this court an order that the complainant furnish security for costs, with a stay of all proceedings by him until the order was complied with. Under that order the complainant could not further prosecute his suit, and if the defendants, after obtaining the order, chose to proceed with their cross-bill, which I have held to be a pleading in the original cause, they took a step which amounted to a waiver of their right to security. In *Shuttleworth* v. *Dunlop, 34 N. J. Eq.* (*7 Stew.*) *488,* Vice-Chancellor Van Fleet held that if a defendant takes any step in a cause after he has notice that the complainant is a non-resident he waives his right to security for costs, and this rule is not improperly extended if applied to a situation where the defendant has taken an order for security and by his subsequent act abandons the benefit thereof. In *Hay* v. *Power, 2 Edw. Ch. 494,* it was held that the

setting down of a cause by the defendant was a waiver of an order for security, and if the defendant, after such an order, proceeds with his cause, he, in my judgment, waives the right to the security, and having abandoned his claim to such right against the complainant, the solicitor is absolved from any liability as surety.

My conclusion is that the statute only requires the solicitor in the case given to be responsible as surety for the complainant, and that if the defendant by his act relieves the complainant from furnishing security for costs, the suretyship of the solicitor ceases, for he is only made liable in case the complainant fails to furnish security to the defendant, a right which the defendant may manifestly waive, for I take it to be the reasonable interpretation of this act that if the complainant came in at any time and furnished the bond, the solicitor would be relieved, and where the defendant makes the giving of such bond unnecessary, the solicitor cannot be made responsible for a default of the complainant which, by the conduct of the defendant, ceases to be a default.

The application will be refused, with costs.