AMANN et al. v. UNITED BOOKING OFFICES OF AMERICA, Inc., et al.

(Supreme Court, Special Term, New York County. February, 1912.)

CONSPIRACY (§ 18*)—BLACKLISTING—COMPLAINT.

    Complainants, who were vaudeville artists, alleged that defendants had formed a combination and conspiracy to monopolize the vaudeville booking business in the United States and Canada, and, pursuant thereto, had agreed to prevent, by coercion, threats, and duress, all persons from engaging in any vaudeville act or earning a livelihood thereby, unless they obeyed the rules and regulations of the combination; that defendants controlled more than 90 per cent. of the vaudeville interests, and from 1907 to 1910 defendants blacklisted and boycotted all acts refusing to be bound by their regulations; that on January 21, 1907, plaintiffs came into ill favor with defendants because of their refusal to be bound by certain of their conditions, whereupon defendants placed a ban against plaintiffs and their act, blacklisted the same, and prevented plaintiffs from earning a livelihood. *Held* demurrable, for failure to allege what regulations of defendants plaintiffs had refused to obey, and to show that they were illegal or unreasonable, and also for failure to aver that plaintiffs had applied for employment and been refused as a result of defendants' acts.

    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 18–24; Dec. Dig. § 18.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Andy Amann and another against the United Booking Offices of America, Incorporated, and others. On demurrer to amended complaint. Sustained.

Maurice Goodman, for demurrants.

Dennis F. O'Brien and M. L. Malevinsky, opposed.

GIEGERICH, J.  The action is to recover the sum of $30,000 actual and $30,000 exemplary damages for an alleged conspiracy to deprive the plaintiffs of their means of livelihood, as hereafter indicated. The amended complaint alleges that at the times referred to therein the plaintiffs were partners, presenting a vaudeville act and sketch under the firm name of Amann & Hartley; that the defendant the United Booking Offices of America, Incorporated, is a corporation created and existing under and by virtue of the laws of the state of Maine, and doing business in the city, county, and state of New York as a theatrical booking and employment agency; that the defendants Benjamin F. Keith, Fred. F. Proctor, and Percy G. Williams are officers and agents of said corporation; that on or about the 1st day of July, 1906, the defendants formed a combination, confederation, and conspiracy to control and monopolize the vaudeville booking business in the United States of America and Canada, and that pursuant to said conspiracy they agreed among themselves "to prevent, by coercion, threats, intimidation, and duress used and exercised towards all persons and interests engaged in the vaudeville business in the United States and Canada, any act in vaudeville from earning a livelihood in said profession who would not in all things agree to obey the rules and regulations of said combination and confederation and agree to be bound by any and every demand, condition, and limitation that said combination and confederation thought necessary and expedient and demanded to perfect said organization, combination, and conspiracy, for the purpose of controlling and monopolizing the vaudeville booking business as aforesaid"; that the defendants perfected said alleged combination and monopoly, and control more than 90 per cent. of all the vaudeville enterprises in the United States and Canada; that pursuant to said combination and conspiracy, during the years 1907, 1908, 1909, and 1910, the defendants did blacklist and boycott all vaudeville acts refusing to be bound by the mandate of the said alleged combination; "that on or about the 1st day of January, 1907, the plaintiffs came into disrepute and ill favor with the defendants, having refused to become bound by some of the conditions of the defendants, and having run counter to the wishes and desires of said combination and confederation, whereupon the said defendants did then and there illegally, willfully, wickedly, and maliciously cause to be placed their ban or bar against the plaintiffs and their act, sketch, and work, and did then and there from week to week and month to month, up to and including January 1, 1911, place upon their boycott and blacklist sheets the names of the plaintiffs herein, and caused the same to be circulated and published among all those persons or interests identified with the defendants' monopoly, combination, confederation, and conspiracy, setting forth to such persons among whom such sheets were

distributed that plaintiffs were not to be employed or engaged by any of these persons, as a result of which the defendants did then and there cause the plaintiffs to come into disrepute with the vaudeville profession, and caused them to be shunned, ignored, avoided, blacklisted, boycotted, and deprived of the capacity to earn a livelihood, and did by reason of said illegal acts as aforesaid prevent the plaintiffs from earning a proper and reasonable livelihood." The defendants have demurred to the amended complaint, on the ground that the same does not state facts sufficient to constitute a cause of action.

In my opinion the amended complaint is demurrable, because it fails to show what the rules and regulations of the alleged combination and confederation were, and what was required under them and from those obtaining employment in any of the vaudeville enterprises controlled by the defendants; nor does the amended complaint set forth what demands, conditions, and limitations the defendants required the plaintiffs to meet, or what the wishes and desires of the .said alleged combination and confederation were that the plaintiffs ran counter to. The plaintiffs call attention to the conspiracy article of the Penal Laws of this state, but the amended complaint does not contain any allegations of fact which bring the case within such provisions. In fact, it fails to show any illegal act whatever on the part of the defendants, nor does the complaint allege that any rule made by the defendants or any demand made upon the plaintiffs was not strictly lawful and proper and not unreasonable. From all that appears in the complaint, what the defendants demanded of the plaintiffs was entirely legal and proper, and, having failed to set forth any illegal acts, the presumption is that all that these defendants did was entirely legal and proper. MacGinnes v. Amalgamated Copper Co., 45 Misc. Rep. 106, 91 N. Y. Supp. 591.

The amended complaint is also defective because it fails to allege that the plaintiffs made application to either of the defendants, or at any of their vaudeville booking or employment agencies, or at any other vaudeville booking and employment agency not controlled by the defendants, for employment, and that such employment was refused. Hundley v. Louisville & Nashville R. R., 105 Ky. 162, 48 S. W. 429, also reported in 63 L. R. A. 289, 88 Am. St. Rep. 298. In the case last cited the petition, as amended, averred that the plaintiff had no trade or calling except railroading; that for the past five years he had been in the employment of the defendant; that while engaged in the discharge of his duties he was wrongfully, unlawfully, and maliciously discharged by it; that it wrongfully, unlawfully, and maliciously blacklisted him; that he was blacklisted wrongfully, unlawfully, maliciously, and falsely, by its placing upon its records a pretended cause of discharge, to wit, neglect of duty, with a view of injuring and preventing him from entering its employment, or that of other railroad companies; that it had entered into a conspiracy and combination with other railroad companies by which its employés discharged for cause would not be given employment by other railroad companies; that on account of its false and malicious acts and its conspiracy with other railroad companies he had been deprived of

the right to again engage in the employment of the defendant, or other railroad companies; that the wrongful acts mentioned were committed for the purpose of making, and had made, it impossible for him to ever again get employment from the defendant on any of its lines, or from other railroad companies in the United States; and that he had been damaged thereby in the sum of $5,000. The court, in passing upon the sufficiency of the petition, at page 167 of 105 Ky., at page 431 of 48 S. W. (63 L. R. A. 289, 88 Am. St. Rep. 298), said:

"The petition does not state a cause of action against the defendant. The averments that he had been deprived of the 'right' to again engage in the employment of other railroad companies, and that the alleged wrongful act had made it impossible for him to ever again get employment with other railroad companies, are mere conclusions of the pleader from the facts alleged. *It should have been averred that he had sought and been refused employment by reason of the alleged wrongful act. An agreement made with other railroad companies not to employ defendant's discharged employés does not injure the plaintiff unless carried out.* An averment that the defendant conspired and combined with other railroad companies to do an act, if unlawful, would not obviate the necessity of making the averment that he had sought and been refused employment by reason of the alleged wrongful act. Injury is the gist of the action. The liability is damages for doing, not conspiracy. The charge of conspiracy does not change the nature of the act. In an action for damages there must be some overt act, consequent upon the agreement to do a wrong, to give the plaintiff a standing in a court of law. Jaggard on Torts, 638; Cooley on Torts, 279. For the reasons given, the judgment sustaining a demurrer to the petition is affirmed."

Upon the principle of the foregoing decision, the failure to allege that the plaintiff had sought and been refused employment by reason of the alleged wrongful acts of the defendants rendered the complaint demurrable.

The demurrer is therefore sustained, with costs, with leave to amend upon payment of such costs within 20 days after the service of a copy of the interlocutory judgment and notice of entry thereof.